# Roman *v.* Montgomery Iron Works,

### *Garnishment.*

(Decided Feb. 20th, 1908. Rehearing denied July 3rd, 1908.
47 South. 136.)

*Garnishment; Sworn Answer; Res Adjudicata.*—Where the garnishee files a sworn answer denying indebtedness, and no contest is filed, there is an issue nevertheless, and a judgment discharging the

garnishee on his answer is res adjudicata of no indebtedness on the part of the garnishee, and conclusive on the garnishing creditor; such judgment is unlike a judgment of nonsuit or dismissal. (Dowdell and Denson, JJ., dissent.)

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Garnishment by S. Roman against the Montgomery Iron Works, et al. Judgment for garnishee, and plaintiff appeals. Affirmed.

GUNTER & GUNTER, for appellant. Appellant has the right by the statute to ask the review in this court of every question involved in the case from its commencement to the final decree.—Sec. 3840, Code 1896; *Moulton v. Reed,* 54 Ala. 327; *DeBardelaben v. Whetstone,* 85 Ala. 85; *National Bank v. McDonough,* 92 Ala. 387. The plea of res adjudicata was not good.—*Nicrosi v. Irvin,* 102 Ala. 648; sec. 2972, Code 1896, as amended by Acts 1895, p. 881; *Tankersly v. Pettis,* 71 Ala. 179; *Murrell v. Smith,* 51 Ala. 301. A garnishment in the absence of a contest is not a judgment or a suit in the sense in which the word is used in the subject of res adjudicata.—*Sessions v. Stevens,.* 46 Am. Dec. 341; *Thompson v. Allen,* 4 S. & P. 190; *Matthews v. Mobile Ins. Co.,* 75 Ala. 89; *Miller v. Sherry,* 2 Wall. 249. Hence, it cannot be said that the judgment discharging the garnishee was res adjudicata.—Authorities supra, and *Lehman Durr Co. v. Hudmon Bros.,* 79 Ala. 532; *Pounds v. Hamner,* 57 Ala. 345; *White v. Simpson,* 107 Ala. 386; *White v. Kahn,* 103 Ala. 308. A garnishee will not be protected beyond the amount he is required to pay and the authorities require actual payment to be made.—*Sharp v. Wharton,* 85 Ala. 225; *Lewis v. Robinson,* 100 Ala. 248; *Smoot v. Eslava,* 23 Ala. 659; *Kimbrough v. Davis,* 34 Ala. 589; *Cook v. Fields,* 3 Ala. 53; *Crawford v. Clute,* 7 Ala. 159; 2 Black on Judgments, sec. 593; sec. 2185, Code 1896.

MASSEY WILSON, for appellee. When issue is taken on a plea, and its averments are proven the bill should be dismissed.—*Tyson v. Decatur L. Co.,* 121 Ala. 414. The question here presented is not an open one on this appeal.—Code 1896, sec. 3840; *Stoudenmier v. DeBardelaben,* 85 Ala. 85; *Bank v. McDonald,* 92 Ala. 387. The basic error of opposing counsel is the assumption that that the garnishment proceedings are only a process. It was a suit.—*Steiner v. First Nat. Bank,* 115 Ala. 379; *Montgomery Iron Works v. Roman,* 41 So. 811, 813; *Gilbreath v. Jones,* 66 Ala. 129, 132; *Tankersly v. Pettus,* 71 Ala. 179, 187; Code, 2182-2187-2173; *White v. Kohn,* 103 Ala. 308.

ANDERSON, J.—When this cause was here upon former appeal (147 Ala. 434, 41 South. 811) we held that the plea of res adjudicata interposed by Dimmick was sufficient, and as its averments were admitted he was entitled to his discharge. We are still of the opinion that the judgment rendered, discharging him upon the denials of his answer, was conclusive on this particular creditor (Roman), and that there was nothing owing from Dimmick to the Montgomery Iron Works. Had the complainant contested the answer, there could be no question as to the conclusiveness of the judgment. On the other hand, when the garnishee filed his sworn answer denying indebtedness, the plaintiff had the right to contest it, and, failing to do so, he in effect conceded that it was true, and the garnishee was entitled to his discharge.—*Hurst v. Home Insurance Co.,* 81 Ala. 174, 1 South. 209. And a judgment so rendered was an adjudication by the court as to an indebtedness vel non. It was a finding upon the only issue involved in the controversy, and was to all intents and purposes a judgment upon the merits. It is true that a judgment of nonsuit or dismissal in a garnishment case would con-

clude nothing but cost.—*Wise v. Falker*, 45 Ala. 471. But the failure of the creditor to contest the answer, and who in the meantime permits the court to proceed to judgment, is unlike the mere dismissal of the garnishment, but is in effect an admission of the recitals of the answer. And a judgment rendered thereon for the plaintiff, if the answer admitted indebtedness, would be conclusive between the immediate parties, and one rendered for the garnishee, when the answer denied indebtedness, would also be conclusive as between the creditor and the garnishee.

The creditor makes the only issue the law contemplates, by making the affidavit which is the institution of the suit, and which charges the garnishee with being indebted, etc., to the debtor. If the garnishee admits the charge by his answer, the plaintiff would be entitled to a judgment against him, and there would be no room to question the conclusiveness of the judgment. If he denies the indebtedness, that merely puts upon the plaintiff the burden of proving his charge, which he can do by contesting the answer, and failing to do so is no failure to present an issue, as the issue was previously presented, but is a declination on his part to prove the one and only issue involved. And a judgment rendered for the garnishee would be as conclusive as one rendered for the plaintiff, when the indebtedness was admitted by the answer. Our court, in the case of *Steiner Bros. v. First National Bank*, 115 Ala. 379, 22 South. 30, speaking through Brickell, C. J., in discussing judgments in garnishment suits, and the effect of same, says: "A garnishment, as it has often been defined and described in the course of judicial decision, is 'the institution of a suit by a creditor against the debtor of his debtor, and is governed by the general rules applicable to other suits adapted to the relative situation of the parties.'—1 Brick. Dig. p. 173, § 276. Such being

the nature and character of the proceeding, it follows necessarily that the judgment rendered, as between the parties, the plaintiff instituting it, and the garnishee standing in the relation of a defendant, has all the properties and qualites of finality and conclusiveness of a judgment rendered in any other civil suit. A judgment against the garnishee in favor of the plaintiff as finally and conclusively fixes and determines the liability of the garnishee and the rights of the plaintiff as if it had been rendered in a suit inter partes commenced in the ordinary mode of instituting civil suits; and such is in effect the declaration of the statute.—Code 1886, § 2983. A judgment against the plaintiff, discharging the garnishee, the only final judgment which can be rendered in his favor, as conclusively adjudges that he was not subject to the process, was not the debtor of the plaintiff, and had not possession or custody or control of effects of such debtor. Either judgment, the one in favor of the plaintiff, or that in favor of the garnishee, concludes the rights of the parties in respect to the cause of action involved—the matter of right asserted by the one and denied by the other."

The decree of the city court is affirmed.

HARALSON, SIMPSON, and McCLELLAN, JJ., concur. DOWDELL and DENSON, JJ., dissent.

