## PHILLIPS *v.* BRIDGES.

Under the evidence the defendant, who was sued upon a promissory note, was an accommodation indorser, and therefore merely a surety upon the note. And it appearing that the note was secured by a mortgage upon certain personal property, the failure of the creditor to have the mortgage duly recorded was an act of omission of legal duty, increasing the risk of the surety; and in the absence of evidence showing that he was not injured, he was discharged.

FEBRUARY 19, 1916.

Complaint. Before Judge Worrill. Miller superior court. January 5, 1915.

R. L. Bridges, transferee of a promissory note dated December 13, 1905, and of a mortgage given to secure its payment, brought suit upon it to the April term, 1913, of the superior court, against D. Phillips as indorser. The note upon its face was payable to D. Phillips, and was signed by George Owens, who had died, and there was no administration on his estate. The note provided for payment of attorney's fees, and contained the usual waiver of homestead. The instrument created a lien by mortgage upon described mules and cattle. The defendant pleaded, among other defenses, that under the facts and circumstances of the execution of the note he was an accommodation indorser, and consequently a mere surety; that the bank to which the note was transferred, and which in turn transferred it to the plaintiff, loaned to Owens the money for which it was given, and the defendant received no consideration whatever for signing the note; and that the bank failed to record

the mortgage, and thereby increased the surety's risk and discharged him from liability on the note.

The jury returned a verdict for the plaintiff for $100 principal, $70.33 interest, and $17.03 attorney's fees. The defendant made a motion for a new trial, which was overruled.

*P. D. Rich,* for plaintiff in error.

*Bush & Stapleton* and *W. V. Custer,* contra.

BECK, J. (After stating the foregoing facts.)

The evidence in this case does not authorize the verdict rendered in favor of the plaintiff, and a new trial should have been granted. Under the uncontroverted testimony the defendant was merely an accommodation indorser and therefore a surety upon the note. It is true the note on its face was payable to him and signed by the maker, George Owens, and it was transferred to the Bainbridge State Bank by Phillips, the transfer being in the following language: "For value received I hereby transfer and assign to the Bainbridge State Bank the within note and mortgage, with full recourse on me." The note was executed and transferred, as is shown by uncontroverted evidence, under the following circumstances: Phillips and Owens went to the bank together, and Owens, addressing the cashier of the bank, requested a loan. The cashier replied that it would be all right if Phillips would "go on the paper" with Owens; and Phillips then and there replied that he would do so. The cashier wrote out the paper, and Owens received the money. Phillips did not receive any of it, nor did he receive anything whatever in consideration of the transaction. Phillips knew that Owens claimed the property described in the mortgage, and was in possession of it. He did not know what had become of this property.

Under the facts just stated, which are not disputed, Phillips was merely an accommodation indorser and consequently a surety upon the note. The evidence offered to establish these facts was admitted apparently without objection. Had objection been duly made, the question could have been raised as to the admissibility of parol evidence to show that the payee of the note, who indorsed it in full, thereby becoming an ordinary indorser, was not in fact an ordinary indorser and bound by his contract as such, but was an accommodation indorser only. But this objection, so far as the record shows, was not made; and we have decided the case upon the record as it stands.

The bank was a creditor.　Any act of a creditor which increases the risk of a surety or exposes him to greater liability would have the effect of discharging him.　Civil Code, § 3544.　In the case of *Toomer* v. *Dickerson*, 37 *Ga.* 428, it was held that the failure of the creditor to record a mortgage was such an act of omission of duty required by law as increased the risk of the surety and exposed him to greater liability, and therefore the surety was discharged.　And it was further said in that case: "But. it was insisted, in the argument of this case, that the security had suffered no injury from the failure of the creditor to record the mortgage. Upon that point the record is silent.　The security has shown, that by the act of the creditor his risk has been increased, and that he has been exposed to greater liability, which is sufficient, prima facie at least, to discharge him.　The plaintiff has not attempted to show, by any evidence in the record, that he was not in fact injured in consequence of his increased risk and exposure to greater liability.　We know nothing upon that point in the case, except what the record discloses.　The record discloses the fact, that, in consequence of the failure to record the mortgage as required by law, the risk of the security was increased, and that he has been exposed to greater liability; at least such is necessarily the legal effect, from the facts proved in the record."　And in the present case, while there is some evidence to show that a part of the property was taken over by the creditor at its full.value, and that consequently as to this property the surety was not injured, still there is a part of the property described in ' the mortgage of which the value is not shown, and it is not accounted for.　That being true, the verdict against the defendant was unauthorized, under the decision of *Toomer* v. *Dickerson*, supra, and the cases following that decision.　　　　*Judgment reversed.　All the Justices concur.*