## GEORGIAN COMPANY *v.* JONES *et al.*

1. Where a contract for a future sale of goods is signed by the prospective vendor as creditor, and the prospective purchaser as principal debtor, and by sureties for such purchaser, whereby the obligation of continuing suretyship is imposed upon the sureties, guaranteeing payment for goods which the contract provides shall be furnished from time to time by the prospective vendor to the prospective purchaser, and the contract provides for weekly settlements for the goods furnished under the contract, but does not require that notice of any default in weekly payments shall be given by the creditor to the sureties, the securities are not released from liability to the creditor, or confined to the first weekly default, although such sureties are given no notice by the creditor of the original default, and are unaware thereof.

2. The answer to the first question propounded by the Court of Appeals obviates the necessity of answering the second and third.

No. 3124. JANUARY 17, 1923.

Questions certified by Court of Appeals (Case No. 12694).

*F. M. Scarlett Jr.,* for plaintiff.

*Krauss & Strong,* for defendants.

RUSSELL, C. J.  The Court of Appeals requests instructions upon the following questions:

" 1.  Where a contract for the future sale of goods is signed by the prospective vendor as creditor, the prospective purchaser as principal debtor, and by sureties for such purchaser, whereby the obligation of continuing suretyship is imposed upon the sureties guaranteeing payment for goods which the contract provides should

from time to time be furnished by the prospective vendor to the prospective purchaser; and where the contract provides for weekly settlements between such seller and purchaser for the goods furnished under the contract, but contains no sort of stipulation requiring that notice of any default by such principal debtor should be given by the creditor to the sureties, is there any rule of law recognized in this State which would operate to release the securities from all liability incurred under the contract by the principal debtor subsequently to his first weekly default, where it also appears that the sureties were given no notice by the creditor of such original default, and were unaware thereof?

" 2. In the event the answer to the foregoing question should be in the affirmative, would the rule be different where, by the terms of the contract, the principal debtor and his sureties ' agree that time of payment may be extended without notice to them of such extension,' and that ' it is agreed and understood that the whole agreement between the parties hereto is written herein, and that neither of the parties shall be bound by any understanding, agreement, condition, stipulation, or otherwise, except as is expressly set forth herein?

" 3. In the event the preceding question should be answered in the negative, was the trial judge justified in directing, on his own motion, a verdict for the plaintiff, so as to limit the liability of the sureties to the amount covered by the first weekly default of the principal debtor, where there was introduced, without objection, undisputed evidence to the effect that no notice of such default had been given the sureties, but where the sureties had failed to enter such a ground of defense, either by demurrer to the petition, which failed to allege such notice (although the bill of particulars attached to the petition indicated the date and amount of the original default), or by their plea? "

In giving instructions upon the questions certified by the Court of Appeals to this court, we will in all cases confine ourselves to the precise point involved in the question propounded, and make answer only to the exact question asked, without reference to what might be a possibly different answer were a different question, or even the same question, couched in different language. This rule must be followed, because it is the right and duty of the Court of Appeals to finally adjudicate; and in almost every question it is

apparent that the Court of Appeals has already decided, as it must do, some of the facts and some of the principles of law to be established in the particular case. The Court of Appeals knows the precise point as to which they desire instructions, and there can arise no instance in which this court would be justified in making answer to any other than the exact question propounded.

To the first question we reply by saying that there is no rule of law recognized in this State which would operate to release securities from the liability incurred subsequently to the first weekly default by the principal debtor under the contract stated, although it appears that the sureties were given no notice by the creditor of such original default, and they were not aware thereof. We bear in mind that the contract of suretyship is strictissimi juris, and that any act or omission which tends to increase the risk or extend the liability of the surety may discharge him. See *Phillips* v. *Bridges,* 144 *Ga.* 703, 705 top of page (87 S. E. 1059). But, "a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies, unless for a consideration, will not release the surety." Civil Code (1910), § 3544. In *Wright* v. *Shorter,* 56 *Ga.* 72, 76, it is held that a surety binds himself to perform if the principal does not without regard to his ability to do so. His contract is equally absolute with that of his principal. It seems to us that the ruling of this court in *Manry* v. *Waxelbaum,* 108 *Ga.* 14, 19 (33 S. E. 704), is to some degree at least in point, although *amount* and not time was the subject of the stipulation; this court then holding, "If it had been the intention of the defendant to restrict his liability to any particular transaction between the plaintiff and Grubbs, why did he not stipulate that he would not be bound after the first credit to the amount of the guaranty was extended, or after a certain time? There is absolutely nothing in the language referred to which tends in any manner to restrict the obligation to the first credit amounting to four hundred dollars, but the most reasonable conclusion to be drawn therefrom is that the guaranty was a continuing one." In the question propounded to us by the Court of Appeals that court seems to have determined, in accordance with the ruling in the *Manry* v. *Waxelbaum* case, that the contract involved is a continuing one, for the language used in the certified question upon this point is " whereby the obligation of

continuing suretyship is imposed upon the sureties." But aside from any discussion of any principle which may be involved in the case in its adjudication in the Court of Appeals, the question as propounded to this court must be answered in the negative.

The instruction as to the first question pretermits the necessity of answering the second and third questions, as is apparent from their reading. *All the Justices concur.*