## KNIGHT *v.* HERRING & McGEHEE.

1. When a garnishee files his sworn answer denying indebtedness, the plaintiff has the right to contest it; and by failing to do so the plaintiff in effect concedes that it is true, and the garnishee is thereupon entitled to be discharged; and a judgment discharging the garnishee is an adjudication by the court as to indebtedness or custody of property, is a finding upon the only issue involved in the controversy, and is to all intents and purposes a judgment upon the merits.

2. The validity of an assignment made by a debtor in fraud of his creditors can not be attacked as against a stranger to the conveyance, having the property in possession, in a proceeding by the creditor against the debtor, where the party in possession of the property is made garnishee, where the assignee holding title under the assignment is not made a party to the case by the plaintiff nor vouched into court by the garnishee.

No. 4548. SEPTEMBER 17, 1925.

Questions certified by Court of Appeals (Case No. 14885).

*Hatcher & Hatcher,* for plaintiff.

*J. E. Chapman* and *A. W. Cozart,* contra.

RUSSELL, C. J. The Court of Appeals requested instruction from the Supreme Court upon the following question: "Will a judgment regularly entered, discharging a garnishee who has answered nothing, and where no traverse of the answer was filed and therefore no evidence was adduced, be res judicata upon an issue formed upon a traverse of an answer of the same garnishee answering nothing, subsequently filed by the same plaintiff in the same

suit pending, which is an issue where there is inquired into the validity, upon the ground of fraud, of an assignment of property in the hands of the garnishee, made by the defendant to a stranger prior to the service of the first summons of garnishment and the making of the answer in response thereto? See Roman v. Montgomery Iron Works, 156 Ala. 604, 47 So. 136, 19 L. R. A. (N. S.) 604, 130 Am. St. R. 106." We are of the opinion that the foregoing question should be answered in the affirmative. The facts, as stated by the Court of Appeals, upon which the foregoing question is predicated are as follows: "Knight sued Herring upon a promissory note, and on July 12, 1920, caused summons of garnishment to be served upon Herring & McGehee, a partnership. The garnishee, on August 4, 1920, answered nothing. No traverse was filed to this answer, and a judgment discharging the garnishee was, on November 2, 1920, regularly entered upon the answer of no indebtedness. Subsequently, in the same pending litigation, Knight, on March 16, 1921, caused another summons of garnishment to be issued and served upon Herring & McGehee, the same partnership. In response to this summons of garnishment the garnishee, on May 9, 1921, answered nothing, and also in the same answer pleaded the former judgment of discharge of it as garnishee, which had been rendered on November 2, 1920, as res judicata of all matters between the garnishee and the plaintiff, Knight, at the time of the filing of the former answer on August 4, 1920. This answer the plaintiff, Knight, traversed. In support of this traverse the plaintiff, Knight, offered evidence tending to prove that an assignment which, on July 17, 1919, before the issuance of the first summons of garnishment, had been made by the defendant, Herring, of his interest in the partnership of Herring & McGehee to Herring's niece, Mrs. Wilson, was void as a fraud perpetrated by Herring upon his creditors, and that therefore the garnishee, Herring & McGehee, was indebted to Herring, or had property, money or effects of Herring's in its hands. This assignment having been made on July 17, 1919, and prior to the date of the issuance of the first summons of garnishment on July 12, 1920, and therefore necessarily prior to the answer thereto filed by Herring & McGehee on August 4, 1920, the trial court held that the question of the assignment's validity had been adjudicated by

the judgment discharging the garnishee on its former answer, and directed a verdict for the garnishee."

The failure of the plaintiff, Knight, to traverse the answer of Herring & McGehee, filed on August 4, 1920, to which answer the judgment of November 2, 1920, discharging the garnishee, was but a natural legal sequence, was tantamount to an admission of the truth of the statements contained in the garnishee's answer. The judgment discharging the garnishee was conclusive and res adjudicata, as much so as if the garnishee, the partnership, Herring & McGehee, had answered that it was indebted to Herring in a named amount and as if judgment had been thereupon entered against Herring & McGehee for the amount of the admitted indebtedness. As a general principle, res adjudicata includes as well what could have been properly pleaded as what was actually pleaded in the former trial or proceeding under consideration. In the case of Roman *v*. Montgomery Iron Works, supra, the Supreme Court of Alabama had before it the precise question as to the effect of failing to traverse the answer of a garnishee upon the right to thereafter traverse the answer to a second summons of garnishment sued out in the same proceeding, and held, as we do in this case, that the failure to traverse the answer of a garnishee, who answered that he was not indebted to the debtor of the plaintiff and had no property of the defendant in his custody or possession, barred any further attempt to investigate the state of the relations between the garnishee and the plaintiff's debtor prior to the time when the first answer was made. In delivering the opinion of the court Mr. Justice Anderson said: "The creditor makes the only issue which the law contemplates, by making the affidavit which is the institution of the suit, and which charges the garnishee with being indebted, etc., to the debtor. If the garnishee admits the charge by his answer, the plaintiff would be entitled to a judgment against him, and there would be no room to question the conclusiveness of the judgment. If he denies the indebtedness, that merely puts upon the plaintiff the burden of proving his charge, which he can do by contesting the answer, and failing to do so is no failure to present an issue, as the issue was previously presented, but is a declination on his part to prove the one and only issue involved. And a judgment rendered for the garnishee would be as conclusive as one rendered for the plaintiff, when the

indebtedness was admitted by the answer. Our court, in the case of Steiner Bros. *v.* First Nat. Bank, 115 Ala. 379, 22 So. 30, speaking through Brickell, Ch. J., in discussing judgments in garnishment suits, and the effect of same, says: 'A garnishment, as it has often been defined and described in the course of judicial decision, is "the institution of a suit by a creditor against the debtor of his debtor, and is governed by the general rules applicable to other suits adapted to the relative situation of the parties.'' 1 Brickell, Dig. p. 173, § 276. Such being the nature and character of the proceeding, it follows necessarily that the judgment rendered, as between the parties, the plaintiff instituting it, and the garnishee standing in the relation of a defendant, has all the properties and qualities of finality and conclusiveness of a judgment rendered in any other civil suit. A judgment against the garnishee in favor of the plaintiff as finally and conclusively fixes and determines the liability of the garnishee and the rights of the plaintiff as if it had been rendered in a suit *inter partes* commenced in the ordinary mode of instituting civil suits; and such is in effect the declaration of the statute. Code 1886, § 2983. A judgment against the plaintiff, discharging the garnishee, the only final judgment which can be rendered in his favor, as conclusively adjudges that he was not subject to the process, was not the debtor of the plaintiff, and had not possession or custody or control of the effects of such debtor. Either judgment, the one in favor of the plaintiff, or that in favor of the garnishee, concludes the rights of the parties in respect to the cause of action involved,—the matter of right asserted by the one and denied by the other.' "

2. The second question asked by the Court of Appeals, which is, "Can the validity of an assignment, which has been made by a debtor in fraud of his creditors, be attacked as against a stranger to the conveyance having the property in possession, in a proceeding by the creditor against the debtor, where the party in possession of the property is made garnishee, and where the assignee holding title under the assignment is not made a party to the case by the plaintiff nor vouched into court by the garnishee?" must be answered in the negative. No rights of any person can be affected in a proceeding in which he is not a party and therefore and thereby "has no day in court." A judgment subjecting the property which the plaintiff claims to have been fraudulently conveyed

by Herring to his niece, Mrs. Wilson, could not be obtained unless she had properly been made a party to the proceeding which sought to render such property liable to Herring's debt. *Tim* v. *Franklin,* 87 *Ga.* 93 (13 S. E. 259); 27 C. J. 711.

In the brief of counsel for the plaintiff inquiry is made of this court whether we can "inquire of the 'record' which the clerk of the Court of Appeals is directed to send up, to discover that a traverse was in fact filed to garnishee's answer to the first summons in garnishment; or is this court confined to the hypothetical question propounded?" As ruled in *Georgian Co.'* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490), this court is confined in each instance to the precise questions propounded by the Court of Appeals.

*All the Justices concur.*