17350. PENN MUTUAL LIFE INSURANCE COMPANY *v.*
BLOUNT *et al.*, trustees.

1. The unauthorized act of a local agent of a life-insurance company in
delivering to an applicant for insurance a policy without collecting from
the applicant payment for the initial premium, but extending credit
therefor, can not be ratified by the insurance company without actual
knowledge of the agent's act. It follows that in a suit against the com-
pany in behalf of the beneficiaries named in the policy, to recover under
the policy, a charge, with reference to knowledge by the defendant of its
agent's act in delivering the policy to the applicant without collect-
ing the initial premium, that the knowledge of facts by the defendant
which would put a reasonable person on inquiry is notice of facts to
which such inquiry might have led, is an incorrect statement as to the
law applicable to the case, and necessitates the grant of a new trial
to the defendant.

2. While in such a case the defendant insurance company must have actual
knowledge of the unauthorized act of its agent, actual knowledge on the
part of the defendant of the unauthorized act of the agent, as well as
ratification by the defendant of such unauthorized act, may each be es-
tablished by circumstantial evidence. A charge of the court that such
ratification may be established by circumstances is a correct and com-
plete statement of a legal proposition, and the charge is not subject to
the objection that the court in connection therewith failed to instruct
the jury that it is essential to a ratification by the defendant of the
agent's act that the defendant had actual knowledge of the act. Whether
such charge is applicable to the evidence it is not necessary to decide,
as the case is to be retried.

3. In certifying a question to the Supreme Court, the Court of Appeals
can propound any question of law which in its opinion is presented by
the record, and an answer to which might be necessary to a proper dis-
position of the case. In so doing the court may limit its inquiry to
questions the answers to which would not be exhaustive of all questions
presented by the record, and which might be necessary to a proper dis-
position of the case. It may base the question upon only so much of the
evidence taken from the record as in the opinion of the Court of Ap-
peals is necessary to propound a question of law presented in the case,
and necessary to its proper determination.

DECIDED FEBRUARY 28, 1928.

Complaint on life policy; from city court of Waynesboro—
Judge Davis. April 8, 1926.

*Callaway & Howard, Fullbright & Burney*, for plaintiff in error.
*William H. Fleming*, contra.

STEPHENS, J. This is a suit to recover on a life-insurance poli-

Agency, 2 C. J. p. 954, n. 82.
Appeal and Error, 4 C. J. p. 651, n. 40; p. 1031, n. 31.
Courts, 15 C. J. p. 1040, n. 64.
Insurance, 32 C. J. p. 1060, n. 50; 33 C. J. p. 139, n. 20.

cy, brought against the insurance company in behalf of the bene-
ficiaries named in the policy; the allegations being that the defend-
ant, by receiving the policy back from the person named therein
as the insured, and changing the beneficiaries named in the policy
after the defendant's local agent had delivered the policy to the
alleged insured without exacting payment of the initial premium,
ratified the act of the local agent in so delivering the policy. See
report of this case in 33 *Ga. App.* 642. The defendant denied
ratification. A verdict was found for the plaintiffs, and the de-
fendant moved for a new trial, which was denied.

1, 2. Headnotes 1 and 2 need no elaboration. In support of
headnote 1 see answer of the Supreme Court to certified questions
in this case in 165 *Ga.* 193 (140 S. E. 496).

3. The writer of this opinion prepared the certified questions
propounded to the Supreme Court in this case. The answer to
one of the questions is the basis for the ruling announced in head-
note 1. The answer to the other question, being in the negative,
is not essential to the decision of the case under the record as now
presented. Had this latter question been answered in the affirma-
tive, the answer would have been controlling, and an affirmance
of the judgment finding for the plaintiffs would have been neces-
sitated. The question propounded in effect inquired whether,
under the evidence taken most strongly in favor of the defendant,
i. e., where knowledge of delivery of the policy without payment of
premium was in the local agent only, having the limited powers
indicated, the verdict for the plaintiff was demanded as a matter
of law.

Counsel for the defendants in error, who were the plaintiffs in
the trial court, in their supplemental brief, object to the form of
this latter question, because the question does not contain a recital
of various portions of the evidence which counsel claim show ratifi-
cation by the defendant of the agent's act in delivering the policy
without collecting the premium; and counsel intimate in their
brief that, by virtue of such omissions, the question is not fair to
the plaintiffs. Counsel have in their brief prepared an elaborate
question which is captioned a "fair certified question," and sug-
gest "that in fairness to the defendants in error the certified ques-
tion should have read substantially as follows:" Then follows the
proposed certified question, which concludes as follows: "Should

the verdict of a jury, finding the disputed facts in favor of the plaintiff, and that verdict approved by the trial judge, be set aside?" Had we propounded the question suggested by counsel, we would not have elicited an answer as to whether the verdict found for the plaintiffs was as a matter of law demanded, but would have inquired only as to whether the verdict found for the plaintiffs was, under the *disputed issues of fact,* authorized. The two propositions are entirely different. We desired an answer as to one, and did not desire an answer as to the other. An answer either way to the question suggested by counsel would not have removed the necessity of a reversal of the judgment, while an answer in the affirmative to the question actually propounded would have necessitated an affirmance of the judgment. The question as propounded was really in the interest of the defendants in error.

In certifying a question to the Supreme Court the Court of Appeals can propound any question of law which in its opinion is presented by the record, and an answer to which might be necessary to a proper disposition of the case. In so doing the court may limit its inquiry to questions the answers to which would not be exhaustive of all questions presented by the record, and which might be necessary to the proper disposition of the case. *Penn Mutual Life Insurance Co.* v. *Blount,* supra; *Georgian Co.* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490) ; *Knight* v. *Herring,* 161 *Ga.* 58 (129 S. E. 526). It may base a question hypothetically upon only so much of the evidence taken from the record as in the opinion of the Court of Appeals is necessary to propound a question of law presented by the record. The court can, in stating the evidence as the basis for the questions propounded, give its effect, and may eliminate from the statement of facts portions of the evidence immaterial to an answer to the question propounded, as was done in the certified question in *Knight* v. *Herring,* supra. The Court of Appeals therefore, in certifying a question to the Supreme Court, may limit its application to inferences drawn from the evidence which is most favorable to one of the parties to the case, and the opposite party has no right to complain that the question propounded is not presented by the record because it is not based upon inferences of fact favorable to him.

When the certified question in this case was propounded, this court was confronted with the possibility of an error in the charge

which was prejudicial to the plaintiff in error and which demanded a reversal unless the verdict rendered for the defendants in error (the plaintiffs in the court below) was as a matter of law demanded, irrespective of any error in the instructions to the jury. An instruction from the Supreme Court, therefore, was invoked upon the question whether or not the verdict rendered for the plaintiffs in the trial court was as a matter of law demanded; and in order to do so, it was necessary to submit the question only upon the evidence as construed most favorably to the defendant, which we did.

*Judgment reversed. Jenkins, P.J., and Bell, J., concur.*