33278. INTERSTATE LIFE & ACCIDENT INS. CO. *v.* HULSEY.

Decided October 26, 1950.

O. J. Tolnas, Preston M. Almand, for plaintiff in error.

E. C. Brannon, R. Wilson Smith Jr., H. A. Stephens Jr., contra.

Townsend, J. (After stating the foregoing facts.)

"Except as they may be substantially changed by amendment, prior rulings made by this court on the pleadings become the law of the case, and are binding upon the trial court as well as this court on a subsequent appearance of the same case. Western & Atlantic R. Co. v. Third National Bank of Atlanta, 125 Ga. 489 (54 S. E. 621); City of Atlanta v. Smith, 165 Ga. 146 (140 S. E. 369); McEntire v. John Hancock Mutual Life Ins. Co., 174 Ga. 158 (162 S. E. 134); Lankford v. Milhollin, 201 Ga. 594 (40 S. E. 2d, 376)." Clements v. Hollingsworth, 205 Ga. 153 (52 S. E. 2d, 465). The decision of the Supreme Court affirming the decision of this court is the law of the case that the

original petition did not set out a cause of action for recovery under the terms of the insurance policy sued on, and unless by amendment the petition has been substantially changed in such a manner as to meet the deficiencies, the general demurrer must be sustained. See *Union Central Life Ins. Co.* v. *Trundle*, 65 *Ga. App.* 553 (15 S. E. 2d, 909). The sole consideration here is therefore to look to the amendment for a determination of whether or not it has perfected the petition to the point where it now sets out a cause of action.

■ ■ The Supreme Court held with particularity that there could be no recovery under the unambiguous provisions of the policy relied upon because, construing the petition most strongly against the pleader, it appeared (1) that the insured was not riding upon a passenger steamship, and (2) that he had neither paid a fare nor was traveling upon a pass when his death occurred. As to the first deficiency, the court indicated it had reached its decision because the petition "does not allege that the motor launch belonged to the U. S. S. Kearsage as a part of its equipment. The pleaded facts, therefore, would not justify an application of the rule announced in The Manila Prize Cases [United States *v.* Dewey] 188 U. S. 254 [23 Sup. Ct. 415, 47 L. ed. 463], that the word 'ship' embraces her boats, tackle, apparel, and appurtenances because they are a part of the ship as a going concern."

The amendment tendered and allowed before the return of the remittitur states in substance that the insured was stationed aboard the U. S. S. Kearsage as a member of the ship's company, that it was the general custom of members of the ship's company to travel in said motor launch, both in discharge of their regular duties and when on liberty; that they were issued liberty passes which, together with their presence in uniform, constituted lawful passes entitling them to ride said motor launch without payment of fare as an incident of their service, and that said motor launch was a part of the equipment of the U.S.S. Kearsage, provided by the United States Navy for the transportation as passengers of members of the ship's company from ship to shore, and was at that time being operated by the personnel regularly employed for that purpose and assigned to such duty by the United States Navy. As amended, therefore,

■

the petition alleges that the motor launch belonged to the U.S.S. Kearsage as a part of its equipment. Accepting this statement as true for the purpose of demurrer, and following the rule of construction that insurance policies are to be construed most strongly against the insurer, the rule set out in The Manila Prize Cases, supra, should be applied, and the provision of the insurance policy, ". . if the insured shall by . . any accident to any . . passenger steamship . . operated at the time by any person regularly employed for that purpose. . .", should be construed to mean that if the insured met his death as a result of an accident to the motor launch which was an integral part of said stcamship his death would be compensable. The petition has therefore been materially changed in this respect and the defect corrected.

█ As to the second deficiency (not alleging that the insured was a fare paying passenger or traveling upon a pass) the amendment alleges that the insured was in uniform and had been issued a liberty slip or pass, the same constituting a lawful pass entitling him to ride said motor launch without payment of fare and as an incident of his service. These allegations constitute the material facts upon which the legal conclusion in the original petition, that the insured was lawfully riding upon the launch, was predicated, and meet the second defect pointed out in the original decision of the Supreme Court. That the insured was a member of the United States Marine Corps and was employed by it at the time would not in itself be conclusive that he was not "riding as a passenger" under the terms of the policy, for an employee may also be a passenger if he is following his personal pursuits rather than those of the company, and the test of whether or not one is a passenger under such circumstances is whether or not his time is his own, rather than that of the employer. See *Travelers Ins. Co.* v. *Austin,* 116 *Ga.* 264 (42 S. E. 522); *Southern Ry. Co.* v. *West,* 4 *Ga. App.* 672 (62 S. E. 141); Harris *v.* City & Elm Grove Ry. Co., 69 W. Va. 65 (70 S. E. 859). It is contended by the plaintiff in error, however, that if the motor launch is to be considered an integral part of the steamship, and if the insured is to be considered as being upon the steamship U.S.S. Kearsage at the time of the accident by reason of this fact, then his liberty ended at the moment he

boarded the motor launch to return to his station of duty and for that reason he was no longer a passenger because his liberty had ceased and he was again a member of the ship's company. However, under the allegations of the petition, it appears that his return trip was by reason of his pass or liberty slip to the same extent that his trip to shore had been, and there is nothing in the allegations of the petition to raise a fair inference that his liberty was at an end when he boarded the motor launch.

■ It is further contended that there was no sufficient external or visible evidence on the vehicle or craft of the collision or accident as alleged, and that the restrictive provision in the policy of insurance, "provided that in all cases referred to in this paragraph there shall be some external or visible evidence on said vehicle of the collision or accident" bars recovery. To meet this objection, the amendment alleges that "after said accident had occurred, visible and external evidence thereof was afforded by reason of the motor launch being flooded, overflowed and filled with water." This is certainly visible evidence of the *accident* even though no visible *injury to the vehicle* is alleged. The insurance policy does not indicate what the "external or visible evidence on said vehicle" shall be, and does not require that it be of a permanent or ineradicable character. The fact that the motor launch was flooded and filled with water, as alleged, is amply sufficient to show compliance with this clause of the policy. The petition as amended, therefore, corrects the deficiencies pointed out in the decision of the Supreme Court when the case was here before, and is now sufficient to set out a cause of action under the terms of the policy sued on.

The trial court did not err in overruling the renewed demurrer to the petition as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*