37201. PEASLEE-GAULBERT CORPORATION *v.*
OKARMA.

DECIDED JULY 3, 1958.

810

*James A. Bagwell,* for plaintiff in error.

*William H. Whaley,* contra.

Felton, Chief Judge. The court neither erred in denying the motion for a new trial nor in denying the motion for a judgment notwithstanding the verdict.

■ When a garnishee files his sworn answer denying indebtedness and the same is not traversed, the garnishee is entitled to be discharged, and a judgment of discharge is an adjudication as to indebtedness or custody of property up to the time of the filing of the untraversed answer in garnishment. *Knight* v. *Herring & McGehee,* 161 *Ga.* 58 (129 S. E. 526).

■ The plaintiff in error contends that the judgment of Judge Henson granting a new trial is the law of this case. This would be true if the facts on the first trial had been the same as they were on the second trial, but they were not. On the second trial the evidence showed that the garnishee had been discharged as to his liability under the first summons and the principle stated in *Knight* v. *Herring & McGehee,* supra, enters into the case and controls the issue here involved. The ruling on a first trial is not binding on a second trial where there has been a change in the

case by a substantial change in either the evidence (*Jackson* v. *Jackson*, 209 *Ga.* 85, 70 S. E. 2d 592), the pleadings (*Interstate Life &c. Ins. Co.* v. *Hulsey*, 82 *Ga. App.* 559, 61 S. E. 2d 783), or both (*Callaway* v. *Armour*, 208 *Ga.* 136, 65 S. E. 2d 585). Generally, see *Adair-Levert, Inc.* v. *Atlanta Envelope Co.*, 70 *Ga. App.* 685 (29 S. E. 2d 323); *Aiken* v. *Smith*, 68 *Ga. App.* 538 (23 S. E. 2d 584); *Singer Sewing Machine Co.* v. *Southern Grocery Co.*, 2 *Ga. App.* 545 (59 S. E. 473).

The court did not err in confining the evidence to the question of indebtedness between the time of the service of the second garnishment and the answer thereto and in rendering judgment in favor of the garnishee, and did not err in either of the other rulings complained of.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*