Mary J. WEST

v.

Richard Nolan WEST, U. S. Department of the Army, Garnishee.

Hannelore Hommersom BOEMANNS

v.

Herman Joseph BOEMANNS, Retired Pay Division Finance Center, U. S. Army, Garnishee.

Esther G. WYNN

v.

Jimmy W. WYNN, Retired Pay Division Finance Center, U. S. Army, Finance Department, Garnishee.

Sara V. JENNINGS

v.

William B. JENNINGS, The United States of America, Garnishee.

Darlene Elinor Davenport MILLER

v.

David Edward MILLER, Commander, U. S. Army Finance Accounting Center, Indianapolis, Indiana, Garnishee (three cases).

Helen HILL

v.

Neely HILL, United States of America, Garnishee.

Willa EDWARDS

v.

Ralph EDWARDS, United States Air Force, Garnishee.

Priscilla F. ALLIS

v.

John B. ALLIS, U. S. Public Health Service Dept. of Health, Education & Welfare, Garnishee.

Civ. A. Nos. C75–962A to C75–964A, C75–1101A, C75–1145A, C75–1149A, C75–1159A, C75–1831A, C75–1981A and C75–2084A.

United States District Court, N. D. Georgia, Atlanta Division.

Oct. 31, 1975.

Spence, Garrett & Spence, Alpharetta, Ga., for plaintiff Mary West.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for garnishee.

## ORDER

O'KELLEY, District Judge.

The cases presently before the court all arise from a January 4, 1975, Congressional enactment which provides that

moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . to any individual, including members of the

armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

42 U.S.C. § 659. Relying on this provision, the plaintiffs (all former wives of the respective defendants) filed proceedings in the Civil Court of Fulton County to garnishee monies that the United States owed their former husbands. The United States, as garnishee, filed petitions to remove each of the cases to this court. The question presently before this court is not the ability or inability of the plaintiffs to garnishee their former husbands' wages or retirement benefits. Rather, this court faces the limited issue of whether the cases are within its removal jurisdiction. After carefully considering the arguments advanced by all interested parties, the court is persuaded that the cases should be remanded to the state courts.

Initially, the government urges that the cases are properly removed pursuant to 28 U.S.C. § 1442(a), which provides in pertinent part that

[a] civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office . . . .

In *New Jersey v. Moriarity*, 268 F.Supp. 546, 555 (D.N.J.1967), the court traced the development of this section:

The series of enactments culminating in Section 1442(a) were initially designed to protect Federal revenue officers from prosecution or civil suit in State court for violation of State

law. (Citations omitted.) Removal was restricted to cases where the officers [sic] defense was that no personal liability, civil or criminal, could be attached to his action, since he was only performing his Federal duties.

Subsequent amendments have, from time to time, enlarged the class of Federal officers and employees who might claim protection, but these additions left unchanged the basic theory and purpose of this removal privilege: that the officer was entitled to —and the interest of national supremacy required—his protection in actions brought against him which attacked and threatened him with personal liabilities or penalties.

*See Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); *Peterson v. Blue Cross/Blue Shield of Texas,* 508 F.2d 55 (5th Cir. 1975).

■ Viewed in light of its purpose, the court is convinced that section 1442 (a)(1) is inapplicable in the instant cases for two reasons. First, since these actions do not purport to subject any federal officer to a personal liability or penalty, they are not actions "against" a federal officer within the purview of section 1442(a)(1). *New Jersey v. Moriarity, supra.* While a federal officer might be named as a nominal defendant in an action under 42 U.S.C. § 659, he will not be subjected to personal liability as the sole purpose of the action is to reach federal monies due and owing to the defendant. Second, even if "against" a federal officer, still the actions do not purport to penalize the officer for official acts taken in the past, nor do they attempt to enjoin future of-

ficial acts.[1] Accordingly, this court concludes that the actions are not within the court's section 1442(a)(1) removal jurisdiction.

■■ The second basis of removal jurisdiction urged upon the court is 28 U.S.C. § 1441(a). This section provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The original jurisdiction required by section 1441(a) is allegedly provided in these cases by 28 U.S.C. § 1346(a)(2).[2] The court has considered the arguments presented and is persuaded that section 1346(a)(2) does not provide original jurisdiction in the circumstances presented in the instant cases and, therefore, that section 1441(a) does not confer the necessary removal jurisdiction.

28 U.S.C. § 1346 provides in relevant part that the district courts shall have original jurisdiction of

[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . . .

The difficulty with section 1346 jurisdiction in the instant cases, however, is that there is not present here a "claim" against the United States. Under Georgia law, when a garnishee answers the summons of garnishment, the statements in the answer are accepted as true, and

---

1. For examples of section 1442's application to future acts, see *Alabama ex rel. Gallion v. Rogers,* 187 F.Supp. 848 (M.D.Ala.1960); *James River Apartments, Inc. v. Federal Housing Administration,* 136 F.Supp. 24 (D. Md.1955).

2. It should be noted that 42 U.S.C. § 659 does not provide a basis for federal jurisdiction.

the garnishee is discharged from all further liability unless either the claimant or the defendant files a traverse contesting the answer. Ga.Code Ann. § 46–303 (Rev. 1974); *Peaslee-Gaulbert Corp. v. Okarma,* 97 Ga.App. 809, 104 S.E.2d 548 (1958). It is apparent, then, that there is not a claim against the United States until a traverse is filed to its answer, for it is only at that point in the litigation that the government is subject to a liability which it contests.[3]

The result reached above is also supported by various practical considerations. If the fact and amount of the government's debt to the defendant is not challenged, the garnishee has no further liability and is no longer interested in the litigation. At this point, the only question which would arise in the case would concern the basis of the garnishment, a domestic relations type of issue not appropriate for resolution by this court. *See Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859). Only if the government's liability is contested would the action present a question capable of resolution by the federal court.

One concluding observation is in order. While implied above, this court is not convinced that these cases could be removed even after a traverse is filed in state court. While there would be a "claim" against the United States at that point in the proceedings, that "claim" would concern pensions, fees, salaries, or compensation—actions exempted from federal district court jurisdiction by 28 U.S.C. § 1346(d). That question, however, is not presently before the court and it need not be decided.

Based on the foregoing analysis, the court concludes that these cases were improperly removed. Accordingly, the actions are remanded to the Superior Court of Fulton County to which they are returnable.

---

3. The government, however, contends that since failure of the garnishee to answer the summons of garnishment subjects it to default judgment, there is a "claim" against the United States in every case. The court, however, is not persuaded that the government's fear of its own negligence is sufficient to create a claim against it.