Joanne Mary GOLIGHTLY, Plaintiff,

v.

Charles E. GOLIGHTLY, Defendant,

and

The United States of America, Garnishee.

Civ. No. 76–0–36.

United States District Court, D. Nebraska.

April 19, 1976.

William L. Monahan, Omaha, Neb., for plaintiff.

Thomas Thalken, Asst. U. S. Atty., D. Neb., for defendant.

MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the motion of defendant, The United States of America, to dismiss and to

be released as garnishee [Filing # 5] subsequent to the submission of briefs and oral argument before the Court on April 9, 1976.

Plaintiff, Joanne Mary Golightly, filed an action for divorce against Charles E. Golightly in the District Court of Sarpy County, Nebraska, on September 4, 1968. Defendant entered an appearance and consented to a child support order in the amount of $100.00 per month. On December 27, 1968, a decree of divorce was entered.

Defendant, creditor, is presently a retired member of the United States Air Force and a domiciliary of the Philippine Islands. On February 2, 1976, garnishee, United States, removed the garnishment proceeding to the United States District Court for the District of Nebraska and subsequently submitted its motion to dismiss and release the United States as garnishee for the reason that the Court lacks in rem jurisdiction. Plaintiff opposes the motion upon two grounds. Initially, the plaintiff argues that there is no basis for federal jurisdiction and the case should be remanded to State court. In the alternative, plaintiff argues that Nebraska law allows the garnishment of a non-resident when there is jurisdiction over the garnishee-employer.

On January 1, 1975, Congress enacted legislation which waived the Government's immunity from garnishment proceedings for the enforcement of child support and alimony obligations of its employees.

Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments. 42 U.S.C. § 659.[1]

The statute does not provide a basis for federal jurisdiction.

The removal statute, 28 U.S.C. § 1441[2] provides in part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Government asserts that the original jurisdiction required by Section 1441(a) is provided by 28 U.S.C. § 1346(a)(2). This section provides in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

.     .     .     .     .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Plaintiff places primary reliance upon *Edwards v. Edwards*, 402 F.Supp. 1189

1. On January 14, 1975, Congressman Fish introduced a bill which would permit garnishment for the recovery of money against an employee of the United States Government. Section 2 of the bill provides the original jurisdiction in the United States district courts. H.R. 1279.

2. It should be noted that Section 1442(a)(1) is inapplicable because this action is not against a federal officer for an act under color of such office, and for the additional reason that the United States, not the officer, removed the action.

(N.D.Ga.1975), wherein the court, presented with this identical issue, held that "there is not a claim against the United States until a traverse is filed to its answer, for it is only at that point in the litigation that the government is subject to a liability which it contests [footnote omitted]." *Id.* at 1192.

The jurisdiction of a district court under 28 U.S.C. § 1346(a)(2) is concurrent with the Court of Claims when the amount in controversy is less than $10,-000.00.[3] Thus, whether the district courts have jurisdiction is dependent upon whether the Court of Claims could have assumed jurisdiction. The United States Supreme Court held in *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941):

> The Court of Claims is a legislative, not a constitutional court. Its judicial power is derived not from the Judiciary Article of the Constitution, but from the Congressional power "to pay debts . . . of the United States," which it is free to exercise through judicial as well as non-judicial agencies. See *Williams v. United States*, 289 U.S. 553, 569, 579 [53 S.Ct. 751, 77 L.Ed. 1372]; *Ex parte Bakelite Corporation*, 279 U.S. 438, 452 [49 S.Ct. 411, 413, 73 L.Ed. 789] *et seq.*

> .  .  .  .  .

> . . . [I]t has been uniformly held, upon a review of the statutes creating the court and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States [citations omitted] and . . . if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed [citations omitted], 312 U.S. at 587, 588, 61 S.Ct. at 770, 85 L.Ed. at 1062.

Clearly, this garnishment proceeding could not have been maintained in the Court of Claims for the reason that this is not a suit for money judgment and because adjudication of the divorce and the right to child support are prerequisites to this proceeding. Since plaintiff's right to receive child support arises under a State court judgment, the garnishment proceeding cannot be characterized as an action against the United States founded upon an Act of Congress. *Cf. Ramirez v. Weinberger*, 363 F.Supp. 105, 109 (N.D.Ill.), affirmed, 415 U.S. 970, 94 S.Ct. 1553, 39 L.Ed.2d 867 (1973). 42 U.S.C. § 659 merely waives the sovereign immunity. The Government's contention that Section 1346(a)(2) requires only that there be a civil action commenced against the United States is erroneous. The statute requires that the civil action or claim be founded upon either the Constitution, an Act of Congress, regulation of an executive department, or a contract or for damages in cases not sounding in tort.

42 U.S.C. § 660 provides for jurisdiction in the Federal Courts when the Secretary of Health, Education and Welfare certifies the civil action under Section 652(a)(8). Jurisdiction is therefore limited to those instances in which the Secretary of Health, Education and Welfare first certifies the action. *Bolling v. Howland*, 398 F.Supp. 1313 (N.D.Tenn. 1975).

Congress' intent that jurisdiction not be vested in the Federal courts except when so certified is founded in sound reason. The States should have the primary responsibility for collecting child support and alimony payments. Furthermore, the creditor, who is often without sufficient funds, should not have to proceed in Federal court to garnish the wages of the absconded father or husband. As there exists no jurisdictional grant to entertain this petition, the case was improperly removed.

IT IS THEREFORE ORDERED that this case is remanded to the District Court of Sarpy County, Nebraska.

---

**3.** *See* 28 U.S.C. § 1491 for jurisdiction of the Court of Claims. Sections 1346 and 1491 are known as the Tucker Act.