**Jeanne L. WILHELM, Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF the AIR FORCE, ACCOUNTING AND FINANCE CENTER, Defendant.**

**Civ. A. No. 75–H–1857.**

United States District Court, S. D. Texas, Houston Division.

Aug. 5, 1976.

Joe Shaffer, Briscoe, Shaffer & Powell, Houston, Tex., for plaintiff.

Edward B. McDonough, Jr., U. S. Atty., Richard Parker, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

### I. BACKGROUND

Pending before this Court are plaintiff's Motion to Remand this action to state court and defendant's Motion to Dismiss or alter-

natively to assert an additional statutory basis for removal. For reasons set out hereafter, plaintiff's Motion to Remand is granted, and defendant's motions are denied.

On June 30, 1969, in *Wilhelm v. Wilhelm*, No. 765,000, 160 Dom.Rel.Ct. No. 3, of Harris County, Texas, plaintiff in this action was awarded one-half of the retirement pay account of Major Frederick Wilhelm, as community property which had vested prior to the date of the divorce. Plaintiff here is seeking to effectuate this decree, which was determined by state court to be worth $57,-000.00.

## II. ORIGINAL SUBJECT MATTER JURISDICTION

In its petition for removal the Government asserted special removal statute 28 U.S.C. § 1442(a)(1). The Government presently seeks to assert as an additional ground for removal jurisdiction the general removal statute, 28 U.S.C. § 1441. Section 1441 provides for removal of any action over which the federal district court has original subject matter jurisdiction. It therefore is necessary for this Court to determine whether it would have original subject matter jurisdiction over this action if the Government were permitted to amend its petition for removal.

Plaintiff premises her right to garnish her one-half share of her ex-husband's retirement wages on the recent enactment of 42 U.S.C. § 659 (1975), which provides that:

"Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof . . .) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligation to provide child support or make alimony payments."

Although there are as yet no appellate decisions which have addressed the question of federal court jurisdiction under this recent legislation, there are four reported lower court opinions which uniformly conclude that no original subject matter jurisdiction lies in federal court to determine garnishment actions brought to enforce state court divorce decrees. *Golightly v. Golightly*, 410 F.Supp. 861 (D.Neb.1976); *Morrison v. Morrison*, 408 F.Supp. 315 (N.D.Tex.1976); *West v. West*, 402 F.Supp. 1189 (N.D.Ga. 1975); *Bolling v. Howland*, 398 F.Supp. 1313 (M.D.Tenn.1975). *See also Carroll v. Carroll*, No. P–Misc. 75–63 (N.D.Fla.1975), cited in *Morrison v. Morrison, supra*.

█ It is clear from the language of 42 U.S.C. § 659 that the purpose for this provision was simply to remove the Government's immunity from garnishment proceedings authorized under state law; it does not purport either to create a statutory right to relief by way of garnishment or to confer jurisdiction upon the federal courts. By way of contrast, 42 U.S.C. § 660 creates a basis for federal jurisdiction by providing that "[t]he district courts of the United States shall have jurisdiction . . . ." 42 U.S.C. § 660 (1975).

█ It is likewise clear that original jurisdiction cannot be founded upon 28 U.S.C. § 1346(a)(2), which is limited to suits against the United States "founded . . . upon . . . any Act of Congress . . . ." Like jurisdiction founded upon the federal question statute, 28 U.S.C. § 1331, which provides for jurisdiction over any action "aris[ing] under" the laws of the United States, 28 U.S.C. § 1346(a)(2) predicates original federal jurisdiction on a right created by a federal statute. Section 659 does not create a right to garnishment, but rather, simply abrogates the Government's immunity to the realization of this right if such a right exists under state law. To prevail ultimately in this action, plaintiff need not advert to any provision of federal law. Rather, she must establish a valid divorce decree entered by a state court, and a right to garnishment, dictated by the Texas Legislature. Section 659 controls

only the extent to which plaintiff can now assert her state-created right against the United States as garnishee.

■ For these reasons the Court is of the opinion that it lacks original subject matter jurisdiction and hence § 1441 removal jurisdiction over this cause.

### III. REMOVAL JURISDICTION UNDER 28 U.S.C. § 1442(a)(1)

Although lack of original jurisdiction precludes removal to federal court under 28 U.S.C. § 1441, it does not necessarily follow that this Court is presently without jurisdiction. In some instances including certain actions brought in state court and removed under 28 U.S.C. § 1442(a)(1), removal jurisdiction is broader than original jurisdiction. C. Wright, Federal Courts § 38 (2d ed. 1970). Section 1442(a) provides that:

"[a] civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) any officer of the United States or agency thereof, or person acting under him, for any act under color of such office . . . ."

The federal agency in this action is the Department of the Air Force. As named defendant against whom this action was brought it would seem that the Air Force would be entitled to remove to federal court pursuant to § 1442(a)(1). However, in the context of garnishment actions ancillary to state court divorce decrees, it is essential that this Court maintain a balance between construing § 1442(a)(1) to give full effect to its underlying purpose, while at the same time preserving the state's right to administer those matters properly falling within its domain. *State of New Jersey v. Moriarity*, 268 F.Supp. 546, 555 (D.N.J.1967).

The effect of construing 28 U.S.C. § 1442(a)(1) to permit the removal of all actions now permitted under 42 U.S.C. § 659 would bring into the federal courts a host of ancillary domestic relations disputes heretofore thought to lie exclusively in the state courts. It is quite clear from portions of the debate prior to the enactment of 42 U.S.C. § 659 that Congress had no intention of broadening federal jurisdiction in this manner.

MR. ECKHARDT. . . . In Texas we do not have garnishment of wages, so this would be ingraining the federal law on existing state law. Under circumstances like that I would think the case would be removable to the federal court as a matter of right.

Is that what the gentleman feels would result? Can these cases all be removed to federal court.

MR. ULLMAN. No. The garnishment provision places the U.S. Government in the same position as a private employer. Nonsupport cases can be certified to the federal courts only by the Secretary of HEW who must find use of the federal courts is the only reasonable way to enforce a court order. In the situation the gentleman cites, there would be no court order on which to base such a finding.

120 Cong.Rec.H. 12585–12587 (daily ed. Dec. 20, 1974). Although this dialogue does not reveal specifically that the legislators considered § 1442, it does reveal that the implementation of 42 U.S.C. § 659 clearly was intended to fall on the state courts.

■ There is a distinct trend to restrict and limit the removal jurisdiction of the federal courts. C. Wright, Federal Courts § 38 (2d ed. 1970). If the right to remove is doubtful, the case should be remanded. *Lance International Inc. v. Aetna Casualty and Surety Co.*, 264 F.Supp. 349, 356 (S.D.N.Y.1967). *See also* 1A J. MOORE, FEDERAL PRACTICE ¶ 0.157 [1.–3] (1976). The rationale or purpose of § 1442 is to protect federal officers and federal agencies against actions brought which threatened personal liabilities or penalties. *State of New Jersey v. Moriarity, supra*, 268 F.Supp. at 555; *West v. West, supra*, 402 F.Supp. at 1191. *See also Gay v. Ruff*, 292 U.S. 25, 32, 54 S.Ct. 608, 78 L.Ed. 1099 (1934) (suit against federal receiver held not removable). Although the Air Force is the nomi-

nal defendant in this action, there is no real collision of interests or substantial controversy between the plaintiff and this defendant. The Court has concluded that no policy or purpose will be served by construing § 1442(a)(1) in the present context to permit the removal of these domestic relations disputes to federal court. A broader construction of this provision would effect a profound alteration in the relationship between federal and state courts.

In support of its argument that a government agency as garnishee can remove an action brought in state court to federal court, defendant cites *Clarise Sports Wear Co., Inc. v. U. & W. Manufacturing Co.*, 223 F.Supp. 961 (E.D.Pa.1963). It is clear, however, that the Court in *Clarise* relied on the immunity then enjoyed by the U.S. agency for money claims. "The garnishee, being an agency of the United States of America, was not amenable to process of the State Court." 223 F.Supp. at 962. This decision therefore was premised upon the Court's conclusion that the state court lacked jurisdiction. In the present case state court jurisdiction is beyond dispute; the issue, quite simply, is whether by virtue of the special removal statute, the federal court has concurrent jurisdiction with the state court. For reasons set out herein, the Court has concluded that it does not.

### IV. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this action is hereby remanded to state court. Nothing in this opinion should in any manner be construed to bear on the availability of garnishment as a means under Texas law of effectuating the state court decree in this case. It is for the state court to determine whether 42 U.S.C. § 659 applies in the context of community property decrees to abrogate the immunity previously enjoyed by the federal government in garnishment actions.