Rosemary **WILLIAMS** et vir., Plaintiffs-Appellants,

v.

C. E. (Cap) **NICHOLS** et ux., Defendants-Appellees.

No. 72–1569

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1972.

Milton D. Rosenberg, Bloom, Bloom, Rosenberg & Bloom, Washington, Pa., and Jon L. Friedman, Friedman & Friedman, Pittsburgh, Pa., for appellant.

Charles Kirshner, Rosenberg, Kirshner & Solomon; Pittsburgh, Pa., for appellees.

Before HASTIE, GIBBONS and MAX ROSENN, Circuit Judges.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409. Part I.

Rosemary Williams, pro se.

M. D. Carlock, Winnsboro, Tex., John M. Smith, Smead, Roberts, Harbour, Smith, Harris & French, Longview, Tex., for defendants-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

■ Rosemary Williams appeals from the order of the district court remanding to the Texas state courts two civil suits which Williams had attempted to remove to the federal court. Among the several grounds asserted for removal was the claim that she was entitled to remove the actions under the civil rights provisions of 28 U.S.C. § 1443(1). Accordingly this court has jurisdiction to re-

view the district court's remand order[1] under 28 U.S.C. § 1447(d). We affirm.

The genesis of both actions appears to be a dispute over title to land in Texas. In 1969 C. E. (Cap) Nichols brought a civil action against Williams in the state court seeking damages for malicious prosecution and a restraining order. Williams appeared *pro se* and defended the action. In 1970 Williams filed an action against Nichols in the state court claiming damages for false representation in connection with Nichols' claim to certain land. Nichols answered and filed a cross action seeking to quiet title to the lands in dispute and to enjoin Williams from filing further lawsuits in connection with the title dispute.

■■ In her petition for removal of both suits Williams alleges that the trial of the suits separately and in the absence of several parties whom she deems "indispensable" violates her civil rights and entitles her to removal under § 1443(1). The short answer to this contention is that even assuming that Williams' allegations amount to a denial of her civil rights, that violation does not fall within the narrow set of civil rights claims which are removable under § 1443(1). Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Removal under § 1443(1) is permissible only when a right conferred by a law providing for specific civil rights stated in terms of racial equality is denied or cannot be enforced in the state court. See Student Non-Violent Coordinating Committee v. Smith, 382 F.2d 9 (5th Cir. 1967). The removal petitions reveal that no such denial is threatened in this case. Accordingly the court's order remanding the cases was proper and affirmed.

---

1. Although numerous other impediments to removal appear on the face of the petitions we are limited by statute to a review of only those contentions with respect to § 1443.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).