Gloria G. **MURRAY**, Plaintiff-Appellant,

v.

Talmadge Dewey **MURRAY**, Defendant,

**United States of America,
Garnishee-Appellee.**

No. 78–3334.

United States Court of Appeals,
Fifth Circuit.

June 30, 1980.

John P. Partin, Columbus, Ga., for plaintiff-appellant.

Gregory J. Leonard, Asst. U.S. Atty., Macon, Ga., Frank A. Rosenfeld, Leonard Schaitman, Attys., App. Staff, Civil Div., Dept. of Justice, Washington, D.C., for garnishee-appellee.

Before GOLDBERG, CHARLES CLARK and THOMAS A. CLARK, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The appellant, Gloria G. Murray, filed a summons in garnishment in the Municipal Court of Columbus, Georgia, seeking to garnish moneys owed to her former husband by the Veterans' Administration. The United States, as garnishee, removed the action to the United States District Court for the Middle District of Georgia. The district court granted the government's motion for summary judgment, holding that the moneys owed to Talmadge D. Murray were exempt from garnishment. Mrs. Murray appeals. We vacate the judgment appealed from and remand this action to the district court.

The Murrays were divorced in 1977. Pursuant to court order Mrs. Murray was to receive temporary alimony of $300.00 per month. The final order and decree of divorce, dated December 2, 1977, awarded Mrs. Murray permanent alimony of $500.00 per month.

On December 16, 1977, Mrs. Murray filed a summons in garnishment in the Municipal Court of Columbus, Georgia. The summons named Mr. Murray as the defendant and the United States as the garnishee. The summons alleged that Mr. Murray, having failed to make the payments of alimony required of him by court order, owed his former wife $1,400.00. It further alleged that the United States was in receipt of Veterans' Administration benefits payable to Mr. Murray[1] that were subject to garnishment under 42 U.S.C. § 659(a).[2] The

---

1. Talmadge Murray retired from the United States Army in 1970 with a 60 percent service-connected disability. Initially, he received only Armed Forces retirement benefits. Subsequently, he applied for disability benefits. The Veterans' Administration awarded Mr. Murray disability benefits, but in an amount less than the Armed Forces retirement benefits he then was receiving. Because he could not receive a greater total amount than the higher of either the disability benefits or retirement pay and because he wanted the tax-free advantage of disability benefits, Mr. Murray waived a portion of his Armed Forces retirement pay equal in amount to the award of Veterans' Administration disability benefits. *See* 38 U.S.C. § 3105.

Subsequently, the Veterans' Administration increased Mr. Murray's disability rating from 60 to 100 percent. As a result, the amount of Mr. Murray's Veterans' Administration disability benefits exceeded the amount of his Armed

Forces retirement benefits. He then waived all of his Armed Forces retirement pay to receive the greater amount of the Veterans' Administration disability benefits. At the time this action was filed, Mr. Murray had waived monthly Armed Forces retirement pay of $686.75 to receive monthly tax-free Veterans' Administration disability benefits of $992.00.

2. In 1974, Congress waived the sovereign immunity of the United States and provided that
moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by the United States . . . to any individual, including members of the armed services, shall be subject, . . . to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.
Social Security Amendments of 1974, § 101(a), 42 U.S.C. § 659(a).

government answered the summons in garnishment, alleging that the benefits it owed to the defendant were exempt from garnishment under 42 U.S.C. § 662(f)(2).[3] Mrs. Murray filed a traverse to the government's answer.[4] After a hearing, the Municipal Court judge held that the benefits owed to Mr. Murray by the Veterans' Administration were subject to garnishment.[5] The United States appealed to the Georgia Court of Appeals. However, prior to any decision by that court, the government abandoned its appeal and paid $499.11 into the Municipal Court registry for the plaintiff's benefit.

On May 10, 1978, Mrs. Murray filed a second summons in garnishment in the Municipal Court of Columbus, Georgia. This second summons paralleled the December 16, 1977, summons and named Mr. Murray as the defendant and the United States as the garnishee. Similarly, it alleged both that Mr. Murray owed his former wife $1,400.00 in back alimony and that the United States was in receipt of Veterans' Administration benefits payable to Mr. Murray that were subject to garnishment under § 659(a). The United States filed a petition to remove this action to the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1442(a)(1). In the United States District Court the government answered the summons in garnishment, alleging, as it unsuccessfully had in the Municipal Court of Columbus, Georgia, proceeding, that the benefits it owed to the defendant were exempt

from garnishment under § 662(f)(2). Mrs. Murray filed a traverse to the government's answer, and the parties submitted the case to the district court on cross motions for summary judgment. The district court entered judgment adverse to Mrs. Murray, holding that the benefits owed to Mr. Murray by the United States were exempt from garnishment under § 662(f)(2).

Mrs. Murray brings this appeal, which presents three issues: (1) whether the district court had subject matter jurisdiction of this action under § 1442(a)(1); (2) whether the doctrine of collateral estoppel bars the government from litigating the § 662(f)(2) exemption issue in this action; and (3) whether the Veterans' Administration disability benefits owed to Mr. Murray are subject to garnishment under § 659(a). We determine that § 1442(a)(1) fails to support the removal of this action to the district court. Accordingly, we vacate the judgment appealed from and remand this action to the district court with instructions to remand the case to the Municipal Court of Columbus, Georgia. Because of our disposition of the jurisdictional issue, we pretermit deciding and intimate no opinion as to the remaining issues presented by this appeal.

Congress, through 28 U.S.C. § 1442, authorized the removal of civil or criminal proceedings commenced in a state court against a federal officer or any person acting under a federal officer for acts per-

---

**3.** In 1977, Congress withdrew a portion of its prior waiver of sovereign immunity by exempting from the scope of § 659(a)

    periodic benefits . . . [payable] by the Veterans' Administration as compensation for a service-connected disability or death, except any compensation paid by the Veterans' Administration to a former member of the Armed Forces who is in receipt of retired or retainer pay if such former member has waived a portion of his retired pay in order to receive such compensation.

Tax Reduction Act of 1977, § 501(d), 42 U.S.C. § 662(f)(2).

**4.** Mrs. Murray argued that the benefits payable by the United States to her former husband are moneys subject to garnishment under § 659

because Mr. Murray waived his Armed Forces retirement pay to receive the tax-free compensation. The government contended that § 662(f)(2) exempts the benefits from garnishment under § 659(a) because Mr. Murray waived *all* rather than *a portion* of his retirement pay to receive the disability benefits.

**5.** The March 30, 1978, order of the Municipal Court of Columbus, Georgia, required the United States "to immediately pay into court for [the] Plaintiff the amount of the [Veterans' Administration disability benefit] payments due from [the] Garnishee to [the] Defendant from the time of service of the Summons of Garnishment until the date of the Answer of [the] Garnishee." *See* Ga.Code Ann. § 46–301(a) (1979).

formed under color of office.[6] The removal statute is an incident of federal supremacy. *See Willingham v. Morgan*, 395 U.S. 402, 405, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396, 400 (1969); *Peterson v. Blue Cross/Blue Shield*, 508 F.2d 55, 58 (5th Cir.), *cert. denied*, 422 U.S. 1043, 95 S.Ct. 2657, 45 L.Ed.2d 694 (1975). It recognizes that the federal government

> can act only through its officers and agents, and they must act within the States. If, when thus acting, and in the scope of their authority, those officers can be arrested and brought to trial in a State Court for an alleged offense against the law of the State, yet warranted by federal authority they possess, and if the General Government is powerless to interfere at once for their protection,— if their protection must be left to the action of the State Court,—the operations of the General Government may at any time be arrested at the will of one of its members.

*Tennessee v. Davis*, 100 U.S. 257, 263, 25 L.Ed. 648, 650 (1880). *See Willingham v. Morgan*, 395 U.S. at 406, 89 S.Ct. at 1815, 23 L.Ed.2d at 401. Through the removal statute, Congress sought to protect the exercise of legitimate federal authority from the interference of hostile state courts by pro-

viding federal officials with a federal forum in which to raise defenses arising from their official duties. *See id.* at 405, 89 S.Ct. at 1815, 23 L.Ed.2d at 400; *Peterson v. Blue Cross/Blue Shield*, 508 F.2d at 58. *See also* C. Wright, A. Miller & E. Cooper, 14 Federal Practice & Procedure § 3727, at 680–81 (1976). Congress often has amended the removal statute to enlarge the class of federal officials who may claim its protection.[7] These amendments have not, however, altered the rationale that underlies the removal statute: that federal officers are entitled to, and the interest of national supremacy requires, the protection of a federal forum in those actions commenced in state court that could arrest, restrict, impair, or interfere with the exercise of federal authority by federal officials. *See Willingham v. Morgan*, 395 U.S. at 407, 89 S.Ct. at 1816, 23 L.Ed.2d at 401. *See also New Jersey v. Moriarity*, 268 F.Supp. 546, 555 (D.N.J.1967).

██ The appellant argues that the summons in garnishment is not a "civil action . . . commenced in a state court against . . . [an] official of the United States . . . for any act under color of such office" and thus the instant proceeding was improperly removed to the district court under § 1442(a)(1).[8] We agree.

---

**6.** Section 1442(a)(1) provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

**7.** For a history of the present removal statute and its predecessor enactments, see *Willingham v. Morgan*, 395 U.S. at 405–06, 89 S.Ct. at 1815–16, 23 L.Ed.2d at 400–01; *Gay v. Ruff*, 292 U.S. 25, 32–33 & n.8, 54 S.Ct. 608, 611–12 & n.8, 78 L.Ed. 1099, 1105 & n.8 (1933). *See also* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts & the Federal System* 1336–37 (2d ed. 1973); J. Moore & J. Wicker, 1A *Moore's Fed-*

*eral Practice* ¶ 0.164[1], at 298 (2d ed. 1979); C. Wright, A. Miller & E. Cooper, 14 *Federal Practice & Procedure* § 3727, at 680–81 & n.6 (1976).

**8.** The appellant additionally argues that this garnishment proceeding may not be removed to federal district court under § 1442(a)(1) because the United States is not an "officer of the United States or any agency thereof, or person acting under him." *Compare James River Apartments, Inc. v. Federal Housing Administration*, 136 F.Supp. 24 (D.Md.1955), *with Lance Int'l, Inc. v. Aetna Cas. & Sur. Co.*, 264 F.Supp. 349 (S.D.N.Y.1967); *Harlem River Produce Co. v. Aetna Cas. & Sur. Co.*, 257 F.Supp. 160 (S.D.N.Y.1965). *See also* J. Lucas, 1A *Moore's Federal Practice* ¶ 0.164[2], at 34–35 (Cum.Supp.1979–80); C. Wright, A. Miller & E. Cooper, 14 *Federal Practice & Procedure* § 3727, at 690–91. Because we dispose of the jurisdictional issue on alternative grounds, we pretermit deciding and intimate no opinion as to the validity of the appellant's argument.

When applied in light of its underlying purpose, § 1442(a)(1) permits the removal of those actions commenced in state court that expose a federal official to potential civil liability or criminal penalty for an act performed in the past under color of office. *See New Jersey v. Moriarity*, 268 F.Supp. at 555. It similarly permits the removal of civil actions that seek to enjoin a federal officer from performing such acts in the future. *See id.* This action does neither. The uncontested summons in garnishment does not purport to expose the United States to any liability beyond its acknowledged and accepted obligation to pay monthly disability benefits of $922.00.[9] Neither does it seek to enjoin the performance of a future act by a federal officer. Rather, the summons could only provoke a judicial determination of Mrs. Murray's right to reach all or part of the Veterans' Administration disability benefits owed to her former husband so as to satisfy her claims for past-due alimony. The United States, whose substantive obligation is unchanged by the summons in garnishment, is but a stakeholder in this action. We do not perceive, and the government does not identify, how the pendency and disposition of the garnishment action in state court could arrest, restrict, impair, or interfere with either the actions of a federal official or the operations of the federal government. The summons in garnishment falls beyond the scope of protection afforded by § 1442(a)(1) and was improperly removed to the district court. *See Kelley v. Kelley*, 425 F.Supp. 181, 182–83 (W.D.La.1977); *Wilhelm v. United States Dep't of the Air Force*, 418 F.Supp. 162, 165–66 (S.D.Tex.1976); *West v. West*, 402 F.Supp. 1189, 1190–91 (N.D.Ga. 1975).

The government contends that such a construction would be "a narrow, grudging interpretation of § 1442(a)(1)" prohibited by the Supreme Court in *Willingham v. Morgan*, 395 U.S. at 407, 89 S.Ct. at 1816, 23 L.Ed.2d at 401. We disagree. In *Willingham*, a former federal prisoner sought damages in state court from the warden and chief medical officer of the United States Penitentiary at Leavenworth, Kansas, who sought to remove the action to federal court under § 1442(a)(1). The Supreme Court, while discussing the removal statute's "color of office" requirement, noted that the scope of § 1442(a)(1) was neither "narrow" nor "limited" and suggested that the statute be given a sufficiently broad reading so as not to frustrate its underlying rationale. Our construction of § 1442(a)(1) in the context of those actions in which the United States is a mere stakeholder is consistent with *Willingham* because it in no way frustrates the rationale behind the removal statute.

■ The government contends that § 1442(a)(1) should be interpreted to support the removal of this action to ensure that the § 662(f)(2) exemption issue is adjudicated by a federal tribunal. This argument is without merit. The fact that Congress has legislated in a specific area, without more, does not empower a federal court to adjudicate matters arising from or requiring an interpretation of that legislation. Rather, a specific grant of subject matter jurisdiction must exist before a federal tribunal may so act. The issue presented to us is a narrow one: whether a federal district court, as an exercise of its § 1442(a)(1) removal jurisdiction, may entertain this summons in garnishment commenced in state court against the United States. That the application and interpretation of § 662(f)(2) is at issue in the garnishment action is without import when deciding whether the action was properly removed to federal court under § 1442(a)(1) because, as noted previously, the substantive liability of the United States remains fixed regardless of the ultimate disposition of the § 662(f)(2) exemption issue.[10] Similarly, any concern

---

**9.** It was suggested at oral argument that removal of this action to federal district court under § 1442(a)(1) might be warranted if the United States were subject to possible liability in excess of its acknowledged obligation to pay monthly benefits of $922.00. No such possible liability exists in this action, however. *See* 42 U.S.C. § 659(f).

**10.** *The existence of the § 662(f)(2) issue would, of course, be of primary importance in deciding whether the district court could have enter-*

that the adjudication of garnishment proceedings in state tribunals will result in differing interpretations of §§ 659(a) and 662(f)(2) does not influence our decision on whether the instant action was properly removed under § 1442(a)(1) because the same potential for inconsistent interpretations obtains in the federal system given the inherent possibility of a split among the United States Courts of Appeals.

Because § 1442(a)(1) does not support the removal of this action to the district court,[11] we vacate the judgment appealed from and remand this action to the district court with instructions to remand the case to the Municipal Court of Columbus, Georgia. *See* 28 U.S.C. § 1447(c).

VACATED and REMANDED.

tained the summons in garnishment either as an exercise of original jurisdiction under 28 U.S.C. § 1331 or as an exercise of removal jurisdiction under 28 U.S.C. § 1441 had the amount in controversy exceeded $10,000.00.

11. Our disposition of this action is supported both by the legislative history of § 659 and by parallel code sections that suggest Congress did not intend that the burden of implementing § 659 fall on the federal courts. *See* 120 Cong. Rec. H12,585–87 (daily ed. Dec. 20, 1974); 42 U.S.C. §§ 652(a)(8), 660. *See also Overman v. United States*, 563 F.2d 1287, 1292–93 n.5 (8th Cir. 1977); *Wilhelm v. United States Dep't of the Air Force*, 418 F.Supp. at 165; *Bolling v. Howland*, 398 F.Supp. 1313, 1315–16 (M.D. Tenn.1975).