United States Court of Appeals,

Fifth Circuit.

No. 91-5115.

Maury HEXAMER, Plaintiff-Appellant,

v.

Patrick FORENESS, et al., Defendants-Appellees.

Jan. 22, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before WISDOM, JOLLY, and DEMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Maury Hexamer seeks unpaid child support from her former husband, who works for the United States Postal Service. To this end, she brought a garnishment action against the Postal Service in Texas state court. The Postal Service removed the case to the United States District Court for the Eastern District of Texas. The Postal Service then moved to dismiss for lack of subject matter jurisdiction. The district court granted the motion and dismissed the case. We agree that the district court does not have jurisdiction over the case, but we find that, instead of dismissal, 28 U.S.C. § 1447(c) requires remand to state court. We, therefore, reverse the district court's dismissal, remand to the district court, and instruct the district court to remand the case to state court.

I

In November of 1987, the appellant, Maury Hexamer, sued her ex-husband, Joseph Travis Tucker, to obtain past due child support. The Texas court issued a judgment covering the past due child support. It also issued a wage withholding order for both past and future child support. At that time, Tucker was working in Arizona for the United States Postal Service. When the wage withholding order was served, Tucker responded by filing his own suit in an Arizona state court for relief from the Texas judgment. The Arizona court held that the Texas court lacked personal jurisdiction over Tucker and quashed the Texas judgment and wage withholding order. Consequently, the Postal Service refused to obey the Texas wage withholding order.

Hexamer was undaunted.  In April of 1988, she filed suit in federal district court in Texas to enforce the state court judgment relying on the Child Support Enforcement Act, 42 U.S.C. §§ 651-665 for jurisdiction.  In this suit, she named the United States Postal Service as a defendant.  In February, the defendants moved to dismiss the case for lack of subject matter jurisdiction because Hexamer had failed to have the Secretary of Health and Human Services certify her claim as required by section 660 of the Act.  The district court dismissed the proceeding and the Fifth Circuit affirmed in an unpublished opinion.

Still, Hexamer did not give up.  She filed this lawsuit in Texas state court in February of 1991 against the United States Post Office, several of its officers and her ex-husband, Tucker (hereinafter "Postal Service").  In March, the Postal Service removed the case to the Federal District Court for the Eastern District of Texas.  Hexamer immediately filed a motion to remand the proceeding and a motion for Rule 11 sanctions for wrongful removal.  The Postal Service, on the other hand, moved to dismiss for lack of subject matter jurisdiction.  The Postal Service alleged that Hexamer based her claim on section 659 of the Child Support Act.  It argued that the Child Support Act only grants federal district courts subject matter jurisdiction over child support actions when the Secretary of Health and Human Services has certified the claim.  Because there was no certification here, the Postal Service argued, there was no federal jurisdiction.  Hexamer agreed that the district court did not have jurisdiction, but contended that the district court should remand the case to state court instead of dismissing it.  Siding with the Postal Service, the district court dismissed the case.  Hexamer appeals.

II

The question for decision is whether 28 U.S.C. § 1447(c) required the district court to remand this proceeding to state court.  This question is purely legal and, thus, we review the district court's conclusions *de novo*. *United States v. Harrison,* 918 F.2d 469, 473 (5th Cir.1990).

In reaching whether remand or dismissal was the proper course, we must first ask whether the district court has jurisdiction over this suit.  Because federal courts are courts of limited jurisdiction, they may not exercise jurisdiction over an action unless Congress has granted jurisdiction.

The parties point us to two statutes that we need to examine: 39 U.S.C. § 409, and 42 U.S.C. § 660.

First, we look to see whether the district court has subject matter jurisdiction pursuant to 39 U.S.C. § 409. This statute provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." There is a split in the circuits concerning the reach of this statute. The Seventh Circuit has held that section 409, by itself, does not provide "an independent basis for jurisdiction." *Peoples Gas, Light & Coke Co. v. United States Postal Serv.,* 658 F.2d 1182 (7th Cir.1981). The Ninth Circuit, on the other hand, has held that section 409 grants federal district courts jurisdiction over any case in which the Postal Service is a party. *Continental Cablevision v. United States Postal Service,* 945 F.2d 1434 (8th Cir.1991).

Even if section 409 generally confers subject matter jurisdiction in cases where the Postal Service is a party, the federal courts might not have jurisdiction over the instant garnishment action because the Postal Service is only a stakeholder. *See Franchise Tax Bd. of California v. United States Postal Service,* 467 U.S. 512, 524, n. 19, 104 S.Ct. 2549, 2556, n. 19, 81 L.Ed.2d 446 (1984) (In dicta, the Court noted that "it is far from clear that the Postal Service may remove a garnishment action when it is merely a stakeholder and the real party in interest is the employee.")

Our resolution of such a doubt is made easier by our precedent: We have already held that, pursuant to 28 U.S.C. § 1442(a)(1), federal courts do not have jurisdiction over garnishment actions against the Veterans Administration. *Murray v. Murray,* 621 F.2d 103 (5th Cir.1980).[1] In *Murray,* the divorced wife brought an action in the Georgia court against the Veterans Administration to garnish her former husband's benefits to satisfy his unpaid alimony obligation. The Veterans

---

[1]Section 1442(a)(1) provides:

> § 1442. Federal officers sued or prosecuted
>
> (a) A civil action or criminal prosecution commended in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Administration—only the stakeholder in the state court action—removed the case pursuant to 28 U.S.C. § 1442(a)(1), which authorizes federal officers to remove actions brought against them in state court for acts they performed under color of their office. The court observed that the purpose of section 1442(a)(1) is to permit federal officers to remove state court actions that could interfere with the operation of the federal government, such as preventing federal officers from performing their official duties. Similarly, it allows federal officers to remove actions that expose them to potential civil or criminal liability for acts performed under color of office. *New Jersey v. Moriarity,* 268 F.Supp. 546, 555 (D.N.J.1967). In *Murray,* we reasoned that because the Veterans Administration was only a "stakeholder" in the action, the state court proceeding could not restrict or impair the actions of the federal government or its officials. *Id.* at 107. Thus, we held that the Veteran Administration could not remove the action pursuant to 28 U.S.C. § 1442(a)(1).

We think that our decision in *Murray* controls the case before us today. Although section 409 is specially written to apply only to the Postal Service, it is designed to serve the same purpose as 28 U.S.C. § 1442(a)(1): to provide a federal forum for any litigation that might interfere with the performance of federal duties. The instant suit, like the garnishment action in *Murray,* will not restrict, impede, impair, or interfere with the performance of the postal service's federal duties. We, therefore, hold that section 409 does not confer subject matter jurisdiction on the federal courts in garnishment actions in which the Postal Service is only a stakeholder. *See also Armstrong Cover Co. v. Whitfield,* 418 F.Supp. 972 (N.D.Ga.1976); *Jones Store Co. v. Hammons,* 424 F.Supp. 494 (W.D.Mo.1977).

The second statute we address as a possible basis for federal jurisdiction is the Child Support Enforcement Act, 42 U.S.C. § 660. This statute provides that the "district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any action certified by the Secretary of Health and Human Services under section 652(a)(8) of this title." The Child Support Enforcement Act, however, also fails to provide a basis for federal jurisdiction because the Secret ary of Health and Human Services has not certified the action. This fact comes as no surprise to the parties in this action. Hexamer sued the Postal Service in a previous suit in district

court. The district court dismissed the action because the Secretary of Health and Human Services had not certified the action and we affirmed in an unpublished opinion. *Hexamer v. Foresness,* 919 F.2d 736 (5th Cir.1990).

Given that the federal courts do not have jurisdiction over Hexamer's suit, the sole remaining question is how should the district court have disposed of the proceeding. In general, section 1447 of title 28 governs the procedure of proceedings once they have been removed. There is no reason that it should not control this case. Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The plain language of section 1447(c) requires the district court to remand the case when it finds that subject matter jurisdiction is lacking. *See Maine Ass'n. of Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Services,* 876 F.2d 1051, 1054 (1st Cir.1989) (The court held that the "district court erred in departing from the literal words of § 1447(c), which, on their face, give it no discretion to dismiss rather than remand an action."); *Primate Protection League v. Tulane Educ. Fund,* --- U.S. ----, ----, 111 S.Ct. 1700, 1710, 114 L.Ed.2d 134 (1991).[2]

### III

We, therefore, REVERSE and REMAND the case to the district court. The district court shall then remand the action to state court.

REVERSED and REMANDED.

---

[2]Hexamer's action can go forward in state court pursuant to 42 U.S.C. § 659, which provides that wages paid by the United States are subject to garnishment for child support and alimony payments in the same manner as payments made by private employers. Furthermore, in the context of such garnishment actions, the United States has waived its sovereign immunity in both state and federal courts. *See Diaz v. Diaz,* 568 F.2d 1061 (4th Cir.1977).