Ext. 32

**Henry Lewis HUTCHESON, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 1:95–CV 0005.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 28, 1995.

Henry Lewis Hutcheson, Lumberton, TX, pro se.

Olen Kenneth Dodd, Asst. U.S. Atty., Beaumont, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Plaintiff, Henry Lewis Hutcheson, has brought a suit against the United States (the Government). It seems that a portion of Plaintiff's Civil Service Annuity was garnished to satisfy alimony payments due under a divorce decree; the decree was issued by a Virginia Juvenile and Domestic Relations district court. The garnished wages were paid to Plaintiff's ex-wife, Elizabeth Dean. Plaintiff contends that such garnishment contravenes both the Texas and United States Constitution.

The Government contends that pursuant to 42 U.S.C. § 659(f) it is immune from this type of suit. This court agrees; for the reasons outlined below this action is dismissed.

### ANALYSIS

In 1974, Congress decided that a federal employee's compensation should be subject to legal process to satisfy the employee's obligations to provide child support or make alimony payments. To this end Congress enacted 42 U.S.C. § 659 which provides, in part:

> Notwithstanding any other provision of the law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is based upon renumeration for employment) due from, or payable by the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments. 42 U.S.C. § 659(a).

In effect, Section 659(a) waives the Government sovereign immunity with respect to enforcement of a court order for garnishment of wages to satisfy child support and/or alimony payments. *See Hexamer v. Foreness*, 981 F.2d 821, 824 n. 2 (5th Cir.1993). In

1977, however, Congress amended section 659 to provide the Government and its agents immunity from suit when acting in accordance with what appears to be a valid garnishment writ. Section 659(f) provides:

Neither the United States, any disbursing officer, nor governmental entity shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if such payment is made in accordance with this section and the regulations issued to carry out this section. 42 U.S.C. § 659(f).

■ The Supreme Court interpreted section 659(f) in *United States v. Morton*, 467 U.S. 822, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1983). The Court held that the Government cannot be held liable for honoring a writ of garnishment which is "regular on its face" and has been issued by a court with subject matter jurisdiction to issue such orders. *Morton*, 467 U.S. at 836, 104 S.Ct. at 2777.

There is no doubt that the Virginia Juvenile and Domestic Relations district court is empowered to issue orders concerning the payment of alimony. *See* VA. CODE ANN. § 16.1–241(E). The Virginia court therefore had subject matter jurisdiction to order the Plaintiff to make alimony payments to his former wife. Furthermore, this court's examination of the Virginia court's orders fails to reveal anything which suggests that the writs are improper or in any way irregular. In short, the writs appear to be facially valid. The court therefore finds that section 659(f) is controlling and the Government is immune from suit. Accordingly, this action is DISMISSED with prejudice.

### ORDER

Before the court is the Defendant's Motion to Dismiss. After considering the motion the court is of the opinion that they should be GRANTED.

It is therefore

ORDERED that this cause be DISMISSED with prejudice.