**FARM & CITY INSURANCE CO., Plaintiff,**

v.

**Sheri P. JOHNSON and Matthew Partin, Defendants,**

v.

**U.S. Department of Agriculture, Rural Development, and U.S. Department of Immigration and Naturalization, Garnishees.**

Case No. 01–4171–SAC.

United States District Court, D. Kansas.

Feb. 14, 2002.

Paul P. Hasty, Jr., Brian T. Goldstein, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Farm & City Insurance Company.

Gregory P. Forney, Shaffer, Lombardo & Shurin, Kansas City, MO, for Sheri P Johnson, Matthew Partin.

Tanya S. Wilson, Office of United States Attorney, Topeka, KS, for Agriculture, Department of Rural Development Garnishee Immigration and Naturalization Service.

## MEMORANDUM AND ORDER

CROW, District Senior Judge.

This case comes before the court on the motion of the plaintiff, Farm & City Ins. Co., to remand the case to state court. (Dk.4).

**Facts**

In the state court case, plaintiff received a default judgment against defendant Sheri P. Johnson in the amount of $1,725.45. Plaintiff thereafter sought to garnish the wages of the defendant Sheri P. Johnson from her employers or former employers, the United States Department of Agriculture, Rural Development,

("USDA"), and the United States Department of Immigration and Naturalization ("INS").[1] An order to pay was filed as to the USDA on Dec. 11, 2000, in the amount of $351.78. An order to pay was filed as to the INS on July 2, 2001, in the amount of $194.75. On October 15, 2001, plaintiff filed two motions, one for judgment in the amount of $1,725.45 against the USDA, and the other for judgment in the amount of $1,725.45 against the INS, both alleging failure to pay pursuant to the orders to pay, and seeking the full amount of plaintiff's judgment against Johnson pursuant to K.S.A. §§ 60–718 and 721.[2]

USDA received the motion for judgment against it on October 16, 2001, and INS received the motion for judgment against it on October 17, 2001. On November 16, 2001, a notice of removal was filed, alleging that the United States of America had been named as a party in a civil action.

Plaintiff alleges that the removal was untimely because the removal date began to run when the orders to pay were received, not when the motion for judgment was received. Garnishees USDA and INS assert that removal is authorized based upon 28 U.S.C. § 1441 and/or 1442, was timely in accordance with § 1446 when measured from the date the motions for judgment were received, but even if untimely, the court should exercise its discretion to retain jurisdiction.

**Authority to Remove**

■ The court first addresses the statutory authority to remove this proceeding. This is a court of limited jurisdiction and must refrain from exercising jurisdiction unless certain that such jurisdiction has been granted by Congress.

*See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir.2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate."). Removal jurisdiction is governed by federal statutes. *See e.g.*, 28 U.S.C. §§ 1441–1445, 1452. It is well-settled that the presumption is "against removal jurisdiction," *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289(10th Cir.2001), citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995).

■ Garnishees make a passing reference to removal being authorized by § 1441, the statute relating to the removal of civil actions of which could have been brought initially in the district court. Yet garnishees have not specified any basis for this court's original jurisdiction. It does not appear to the court that garnishment proceedings arise under federal law within the purview of 28 U.S.C. § 1331, or are founded upon the Constitution or any act of Congress, within the meaning of § 1346(a)(2). *Compare Bridges v. Bentley*, 716 F.Supp. 1389 (D.Kan.1989) (garnishment removable where requirements of diversity jurisdiction are met). Thus no basis for removal under § 1441 has been shown.

■ Garnishees' primary assertion is that removal is authorized by § 1442(a)(1). The court agrees. This subsection permits removal of a civil action commenced in a state court against:

> the United States or any agency thereof or any officer of the United States or of any agency thereof, sued in an official or

---

1. Plaintiff additionally named Matthew Partin, who served as Johnson's attorney in an underlying personal injury case from which was born an insurance dispute. The case between plaintiff and defendant Partin is apparently still pending in state court.

2. These statutes generally provide that if a garnishee defaults, it may be held liable for the full amount of the judgment against the defendant.

individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

*Id.*

Unlike · § 1441, " § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 & n. 5 (5th Cir.1982). "This statute is an incident of federal supremacy and is designed to provide federal officials with a federal forum in which to raise defenses arising from their official duties. *Willingham v. Morgan,* 395 U.S. 402, 405, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)." *State of Fla. v. Cohen,* 887 F.2d 1451 (11th Cir.1989). The purpose of § 1442(a)(1) "is to permit federal officers [or federal agencies] to remove state court actions that could interfere with the operation of the federal government, such as preventing federal officers from performing their official duties." *Hexamer v. Foreness,* 981 F.2d 821, 823 (5th Cir.1993) (citing *Murray* ).

The court believes that garnishees' compliance with or opposition to the current motion for judgment against the agencies may impact the operation of the federal government or prevent federal officers from performing their official duties. *Compare DeTienne,* 815 F.Supp. at 395(finding action properly removed pursuant to 28 U.S.C. § 1442(a)(1) where a federal employee, acting under color of office, was summoned to appear in a state court garnishment proceeding under threat of contempt); *Overman v. United States,* 563 F.2d 1287 (8th Cir.1977)(finding that a government disbursing officer acted "under color of office" in responding to a state court's garnishment order and there-

fore 28 U.S.C.A. § 1442(a)(1) authorized removal of action involving the garnishment of a federal employee, as long as the United States and its disbursing officer remained parties.)

Garnishees concede that "the United States, or one of its agencies, cannot remove a garnishment proceeding where it or one of its agencies has been named as a garnishee if its sole interest in the proceeding is one of a stakeholder of the wages of the federal employee." (Dk.12, p. 9). *See Murray v. Murray,* 621 F.2d 103, 106–08 (5thCir.1980) (holding § 1442(a)(1) does not authorize the removal of a garnishment action brought by a divorced wife against the Veterans' Administration to garnish her former husband's disability benefits in satisfaction of unpaid alimony.) The court in *Murray* reasoned that the United States was only a stakeholder since the summons in garnishment could not affect its fixed obligation to pay monthly disability benefits and, therefore, the garnishment action in state court could not "arrest, restrict, impair, or interfere with either the actions of a federal official or the operations of the federal government." 621 F.2d at 107.

Garnishees contend that when plaintiff filed its motions for judgment against them in state court on October 15, 2001 "for an amount in excess of that owed the plaintiff pursuant to an order of garnishment," (Dk.12, p. 10), the nature of their interest in the proceeding changed from a mere stakeholder of the wages to a real party in interest. *See Loftin v. Rush,* 767 F.2d 800, 804 (11th Cir.1985) (default judgment against the United States for the full amount of a judgment entered against a federal employee, in an amount in excess of that which the government was statutorily required to collect, had the effect of changing the United States from a stake-

holder in a garnishment action to a debtor).

The court agrees. Although this court may later find that despite the statutory language of K.S.A. § 60–718 and 721, plaintiff cannot obtain an amount from the garnishees greater than the amounts they failed to withhold after proper service of the garnishment writ, *see DeTienne v. DeTienne*, 815 F.Supp. 394, 398 (D.Kan.1993), the motion seeks to obtain an amount from federal agencies greater than the amount they owe as mere garnishees. Accordingly, the nature of garnishees' interest in the matter is changed by plaintiff's motion, and the USDA and INS are now parties to this case in another capacity than as mere garnishees.

**Timeliness of Removal**

Plaintiff's primary contention is that the removal was untimely. The governing statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. 1446(b).

 Plaintiff alleges that the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" were the orders to pay, not the motions for judgment. The order to pay was filed as to the USDA on Dec. 11, 2000, in the amount of $351.78, and the order to pay was filed as to the INS on July 2, 2001, in the amount of $194.75. The notice of removal was not filed within 30 days of garnishees' receipt of either order.

Garnishees counter that it is the motions for judgment, and not the orders to pay, which first put them on notice that the case had become removable. The court agrees. As long as plaintiff sought merely to garnish the wages of the defendant Johnson, or to order garnishees to pay the amount of the garnishment, garnishees remained mere stakeholders in the matter, and the action could not be removed. Only when plaintiff sought to recover more than was owed pursuant to the garnishment writ, did the nature of garnishees' interest change such that the case became removable. Thus it is the motions for judgment and not the orders to pay, which trigger the 30 day removal period.

Pursuant to the statute, it is the receipt, and not the filing, of the pleading which triggers the 30 day removal period. It is undisputed that the USDA received the motion for judgment against it on October 16, 2001, and the INS received the motion for judgment against it on October 17, 2001. The notice of removal, filed November 16, 2001, was filed within 30 days of INS's receipt of the motion, but not within 30 days of USDA's receipt of the motion. Removal is thus timely as to the INS, but not as to the USDA.

 Although the 30–day time requirement for removal is mandatory, it is not jurisdictional. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972) (removal jurisdiction is considered a procedural defect, rather than a lack of subject matter jurisdiction, because a lack of removal jurisdiction—unlike a lack of subject matter jurisdiction—may be waived.); *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254 (5th

Cir.1988). As a result, the court has the power to retain a case untimely removed. *Loftin,* 767 F.2d at 805. To do so here is appropriate, given the fact that removal was timely as to one of the two garnishees, that the untimeliness was by only one day as to the other garnishee, and that judicial inefficiency would result from remanding one party and not the other. The court is further persuaded to retain jurisdiction because substantial questions of federal law which are best addressed by a federal court, including the overriding issue of sovereign immunity, are raised in defense of both garnishees.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Dk.4) is denied.