United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

——————————————

No. 02 – 61022
SUMMARY CALENDAR

——————————————

BRIDGETTE MUHAMMAD

Plaintiff - Appellee

v.

MARVIN MUHAMMAD

Defendant - Appellant

—————————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Mississippi
(02-CV-1296-BS)

—————————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the district court's decision to remand this case to the state court

without an evidentiary hearing. For the following reasons, we affirm the district court's decision.

I.

FACTUAL AND PROCEDURAL BACKGROUND

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Marvin Muhammad removed this child custody and child support case from the Chancery Court of Jefferson County, Mississippi to the federal district court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1443. Muhammad alleges that the Mississippi state courts are biased and prejudiced against him. Plaintiff-Appellee, Bridgette Muhammad, subsequently filed a motion to remand the case pursuant to 28 U.S.C. § 1447. The district court granted that motion without an evidentiary hearing. This appeal followed.

II.

STANDARD OF REVIEW

Because Appellant's removal petition is based on 28 U.S.C. § 1443, this court has jurisdiction to review the district court's remand order. 28 U.S.C. § 1447(d); *Williams v. Nichols*, 464 F.2d 563, 564 (5th Cir. 1972). We review the district court's remand order de novo. *Hexamer v. Foreness*, 981 F.2d 821, 822-23 (5th Cir. 1993).

III.

REMOVAL

Appellant's removal petition fails to show 1) that the right allegedly denied him arises under a federal law providing for a specific right to racial equality; and 2) that he is being denied or cannot enforce the specified federal right in the state courts due to some formal expression of the law. *State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). Appellant's removal petition makes conclusory allegations that state court officials conspired to deprive him of certain non-race-related civil rights, including freedom of association and due process of law. These are not adequate grounds for removal. 28 U.S.C. § 1443; *Gulf Water*, 679 F.2d at 86-87.

Appellant argues that the district court erred by not holding an evidentiary hearing. However, no evidentiary hearing is required if the grounds purportedly justifying removal are patently invalid from the face of the removal petition. *News-Texan, Inc. v. City of Garland*, 814 F.2d 216 (5th Cir. 1987).

IV.

CONCLUSION

For the foregoing reasons, we affirm the district court's decision.