**Robert STUBLI, Plaintiff**

v.

**Anthony PRINCIPI, Sec'y, Defendant**

**No. 3:04CV7571.**

United States District Court,
N.D. Ohio,
Western Division.

March 10, 2005.

950

Brian M. Ramsey, Toledo, OH, for Robert D. Stubli, Plaintiff.

Holly Taft Sydlow, Office of the U.S. Attorney, Northern District of Ohio, Toledo, OH, for Department of Veterans Affairs Anthony Principi, Secretary of, Defendant.

## ORDER

CARR, Chief Judge.

This is a suit by a disabled veteran against the United States. Plaintiff alleges that the Department of Veterans Affairs (VA) wrongfully complied with a garnishment order issued by a Florida domestic relations court. That court ordered the VA withhold a portion of plaintiff's VA disability compensation, which he receives for a service-related disability in lieu of his retirement pay, which he has waived.

Pending is the government's motion to dismiss, which asserts two grounds for dismissal: 1) lack of subject matter jurisdic-

tion, because the government has not waived sovereign immunity; and 2) failure to state a cause of action.

For the reasons that follow, the government's motion shall be granted.

## Discussion

 Under the doctrine of sovereign immunity, the United States cannot be sued without its consent. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir.1997). A court does not have jurisdiction to adjudicate claims against the government absent a waiver of sovereign immunity as to such claims.

The plaintiff does not point to a specific provision waiving sovereign immunity for suits such as his, which challenges the VA's acquiescence in a garnishment order. To be sure, in some limited circumstances, as provided in the Child Support Enforcement Act 42 U.S.C. §§ 652(a)(8), 660, a federal court may consider a challenge to a state court garnishment order for alimony or child support.

 Those circumstances only exist, however, where the Secretary of Health and Human Services has certified the action under 42 U.S.C. § 652(a)(8). Through such certification, the Secretary may permit a state to enforce court orders for support against noncustodial parents in a federal court. But certification by the Secretary is limited to suits by a state agency. Certification may not be granted to a private individual. *Hexamer v. Foreness,* 981 F.2d 821, 824 (5th Cir.1993). Plaintiff's suit is not within the limited scope of this waiver of sovereign immunity.

 Plaintiff argues that the VA waived any immunity it might otherwise enjoy when it submitted to the order issued by the Florida court and withheld a portion of the plaintiff's monthly benefits. This contention overlooks the limited extent to which the Child Support Enforcement Act authorizes submission to state court enforcement orders. Under 42 U.S.C. § 659(a) monies due from the United States to an individual may be garnished in accordance with state law to enforce the individual's support obligations. This provision, to the extent that it can be viewed as a waiver of sovereign immunity, did not waive such immunity to any extent greater than that stated in the statute.

 Section 659(a) creates neither a federal right to garnishment nor any federal jurisdiction over garnishment proceedings. The statute simply authorizes federal agencies to honor state court garnishment orders providing for payment of child support and alimony. *See Loftin v. Rush,* 767 F.2d 800, 809 (11th Cir.1985).

In addition to not waiving sovereign immunity expansively, the Act limits any liability that might otherwise accrue to the government vis-a-vis the individual who would have received the garnished funds but for the agency's compliance with the state court order. Section 659(f)(1) provides that the United States shall not "be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section."

 The plaintiff is not without a remedy, as the state courts retain authority to adjudicate challenges to the lawfulness of an underlying garnishment order, even when federal benefits are involved. *See Millard v. United States,* 916 F.2d 1, 3 (Fed.Cir.1990) (garnishment is a statutory remedy governed by state law).

 Thus, the Child Support Enforcement Act, 42 U.S.C. § 659, represents a limited waiver of sovereign immunity per-

mitting acquiescence instate court garnishment orders. It is not a general waiver that would permit suit on a garnishment matter in a federal court. This court is not the proper forum to contest either the validity of the garnishment order or the VA's action in honoring it.

Plaintiff argues that his position is well-taken in light of the Supreme Court's decision in *Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). That case involved an issue under the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, as to whether military retired pay that is waived for veterans' disability benefits should be treated as community property. The issue in this case—whether the VA lawfully acquiesced in the garnishment order relating to VA disability compensation—is entirely unrelated to the issue in *Mansell.*

In light of the foregoing, I conclude that this court is without jurisdiction. That being so, it is neither necessary nor appropriate to address the merit's of plaintiff's claim.

It is, therefore,

ORDERED THAT the defendant's motion to dismiss be, and the same hereby is granted. Plaintiff's motion for leave to file amended complaint and leave to file a supplemental response be, and hereby are denied.

So ordered.