# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10383
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2025

Lyle W. Cayce
Clerk

Jarrod Martin,

*Plaintiff—Appellant*,

*versus*

195th Judicial District Court Criminal District Court No. 2,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-645

———————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jarrod Martin, a pretrial detainee awaiting trial in Dallas, Texas, attempted to remove his criminal proceedings from state court to federal court under 28 U.S.C. § 1443. In his removal petition, he alleges the state court held pretrial proceedings outside his presence in violation of the Texas Rules of Criminal Procedure and the Fourteenth Amendment. The district

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10383

court remanded the matter, finding that Martin failed to allege a violation of federal law protecting against racial discrimination, which is required for removal under § 1443. Martin appeals that determination.

We conclude that we have appellate jurisdiction to decide this issue,[1] but we AFFIRM the district court's order remanding the matter to state court, as Martin failed to allege a violation of federal law pertaining to racial equity. *See Georgia v. Rachel*, 384 U.S. 780, 791 (1966).

---

[1] *Compare Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (affirming remand on the merits when the removal petition "merely complain[ed] in a conclusory way of deprivations of certain . . . non-race-related civil rights"), *and Williams v. Nichols*, 464 F.2d 563, 564 (5th Cir. 1972) (per curiam) (same), *with Flitsch v. Guardino*, No. 22-20247, 2023 WL 4015125, at *1 (5th Cir. June 13, 2023) (per curiam) ("We have repeatedly held that when a defendant's attempted removal lacks even the barest connection with the requirements of § 1443, merely invoking that provision does not supply jurisdiction to view a remand order."), *and Easley v. Easley*, 62 F.3d 392, 1995 WL 449817, at *1 (5th Cir. June 28, 1995) (per curiam) (holding no appellate jurisdiction when defendant "fail[ed] to mention racial equality at all").